[No. 3156. Decided Februrary 6, 1899.]

THE STATE OF WASHINGTON *on the Relation of O. B. Barbo* v. H. E. HADLEY, *Judge of the Superior Court of Whatcom County.*

MANDAMUS TO COURT—REMEDY BY APPEAL.

Mandamus will not lie to compel the superior court to assume jurisdiction of an application for judgment of forfeiture on a delinquent tax certificate, where an appeal lies from the order of the court dismissing the application, even if, in view of the importance of the matter, a speedy construction of the law may be desirable prior to the adjournment of the legislature then in session.

*Original Application for Mandamus.*

*O. B. Barbo,* for relator.

*Thomas M. Vance,* for respondent.

*Charles H. Hurlbut,* as *amicus curiae.*

PER CURIAM.—Under the revenue law of 1897 (Laws 1897, p. 136, Bal. Code, §§ 1655-1773), on December 1st of said year, the treasurer of Whatcom county issued to relator a delinquency certificate for the taxes levied in the year 1893 on lands in said county. In September last the relator gave notice to owners of lands, as required by law, and in due time applied to the superior court of said county for judgment of forfeiture, sale and deed. The superior court refused to entertain jurisdiction of the matter for the reason that the said certificate for 1893 taxes would not be ripe for judgment until after the first of December, 1901, and dismissed applications. It is the contention of the relator that, under the revenue law above cited, judgment on application may be rendered for 1893 taxes any time after December 1, 1897, and he seeks mandamus to compel the superior court to consider the said application on the merits.

It is plain that an appeal lies from the action of the court in dismissing the relator's application, and under the rule announced in *State ex rel. Townsend Gas & Electric Light Co. v. Superior Court of Jefferson County, ante,* p. 502, the writ will not issue.

It is urged by the relator that this is a matter of much importance to the county of Whatcom, and that it is desirable to obtain a construction of the law in question before the legislature which is now in session adjourns; but we do not think this is sufficient to take it out of the rule, or reason for the rule, announced in the opinion above cited. It is generally desirable to obtain a speedy determination of questions in litigation; but the length of time involved in the litigation is not a test of the adequacy of

the remedy by appeal; it must further appear that the delay incident to the appeal will work a deprivation of some substantial right which will prevent the enjoyment of the fruits of the appeal by the successful litigant.

The writ is denied.