[No. 18547.   Department Two.   June 3, 1924.]

The State of Washington, *on the Relation of Alice M. Hawksworth, Plaintiff,* v. Edward Clifford *et al., as Department of Labor and Industries, Respondents.*[1]

Mandamus (5)—Master and Servant (121-2)—Workmen's Compensation—Decision of Department—Review—Adequate Remedy by Appeal. Mandamus does not lie to review or correct the error of the department of labor and industries in refusing to allow an alien beneficiary the full amount of a death claim, as required by the treaty between Great Britain and the United States; since, under Rem. Comp. Stat., § 7697, there is a complete and adequate remedy by appeal where the department fails (as it did) to make "proper application of the provisions of the act," Id., § 7684, providing that, except as otherwise provided by treaty, an alien beneficiary shall be given fifty per cent of the compensation otherwise provided to such beneficiary.

Mandamus (71)—Application—Time to Sue. When there is a statutory right of appeal, which is inadequate, an application for a writ of mandamus must be made within the time fixed by law for the taking of an appeal, or it will be too late.

Application filed in the supreme court February 23, 1924, for a writ of mandamus to compel payment of compensation under the industrial insurance act. Denied.

*J. L. Carrigan,* for relator.

*The Attorney General* and *M. H. Wight, Assistant,* for respondents.

Bridges, J.—This matter is here upon application for a writ of mandamus. George Hawksworth, the husband of relator, was killed on July 9, 1923, while engaged in extra-hazardous work in this state. Thereafter his widow applied for compensation under our workmen's compensation act. The department allowed

[1]Reported in 226 Pac. 272.

her fifty per cent of the compensation which would ordinarily be allowed under the act to a resident of the state. At the time of his death, both Mr. Hawksworth and the relator, his widow, were subjects of Great Britain and residents of Vancouver, B. C. Section 7684, Rem. Comp. Stat. [P. C. § 3478], being a part of the workmen's compensation act, says:

"Except as otherwise provided by treaty, whenever under the provisions of this act, compensation is payable to a beneficiary or dependent who is an alien not residing in the United States, the commission [now department] shall pay fifty per cent of the compensation herein otherwise provided to such beneficiary or dependent."

During the month of August, 1923, the department acted upon relator's claim in the manner above indicated and at once notified her of its determination. She did not appeal from the decision, but during February, 1924, made application for a writ which would require payment of the whole amount. The state contends that the writ cannot be issued, first, because relator's remedy was by appeal; and second, because the application for the writ has not been diligently made.

We think this position must be sustained. Section 7697, Rem. Comp. Stat. [P. C. § 3488], being a part of the workmen's compensation act, provides that, whenever any person shall feel himself aggrieved because of any determination or decision of the department of labor and industry, he may have such decision

"reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence, in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review. The proceedings

in such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced.   No such appeal shall be entertained unless notice of appeal shall have been served by mail or personally upon some member of the commission [now department] within twenty days following the rendition of the decision appealed from and communication thereof to the person affected thereby.''

In her petition, relator alleges that, under a treaty between Great Britain and the United States, ''she is entitled to receive from said workmen's compensation fund of the state of Washington the same amounts as would by the terms of the said act be payable to her if she were a citizen of the United States and a resident therein. . . .'' It is plain to us that the error about which relator complains concerns ''the proper application of the provisions of this act'' as provided by the statute, and that she had a right of appeal. It seems plain, also, that this right of appeal afforded a complete and adequate remedy, because the statute expressly provides that on appeal ''full opportunity to be heard shall be had before judgment is pronounced.'' By appeal relator could have raised every question she here raises and the court would have been bound to give a decision on such questions. We have many times held that where there is a right of appeal given by statute and such appeal is an adequate remedy, we will not exercise our jurisdiction to issue writs of mandamus, certiorari or prohibition. *State ex rel. Brunn v. State Board of Medical Examiners,* 61 Wash. 623, 112 Pac. 746, and cases therein cited.

But relator seems to contend that the fact that she had an adequate remedy by appeal will not deprive the court of jurisdiction to issue writs of mandamus for the purpose of reviewing alleged errors, because § 4, art. 4, of the state constitution provides that this court

". . . shall have original jurisdiction in habeas corpus and quo warranto and mandamus as to all state officers, . . . and shall have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." If it be conceded that where there is an adequate remedy by appeal this court still has jurisdiction to issue writs of mandamus, it does not follow that we will exercise our power, for, as above indicated, it has long been the rule of this court that under such circumstances it will not issue such writs.

But relator pleads that she has had but little business experience and had no knowledge of legal matters and did not know until time for appeal had expired that she had a remedy by appeal. If we should grant writs because of ignorance of the statutes of the state and the decisions of this court, rules made by us concerning the issuance of writs would be nullities.

There is another reason why we should not issue the writ, and that is because of the late application therefor. We have time and again held that where there is a statutory right of appeal but it is an inadequate remedy, applications for writs of mandamus should be made within the time fixed for the taking of appeals, and when not so made will be denied. *State ex rel. Langley v. Superior Court*, 74 Wash. 556, 134 Pac. 173; *State ex rel. Tumwater Power & Water Co. v. Superior Court*, 56 Wash. 287, 105 Pac. 815; *State ex rel. Whitten v. Spokane*, 92 Wash. 667, 159 Pac. 805; *State ex rel. Neal v. Kauffman*, 86 Wash. 172, 149 Pac. 656.

For the reasons given, we cannot issue the writ prayed for and the application therefor is denied.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.