296

[No. 22211.   Department Two.   January 21, 1930.]
THE STATE OF WASHINGTON, *on the Relation of the Department of Public Works, Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY *et al., Respondents.*[1]

*The Attorney General* and *John C. Hurspool, Assistant,* for relator.

*Robert Bronson, William H. Gorham,* and *Bronson, Jones & Bronson,* for respondents.

FRENCH, J.—This is an original application for a writ of review made by the department of public works of the state of Washington, seeking a review of the records and proceedings and a judgment of dismissal granted by the superior court of Thurston county on the 21st day of October, 1929. The facts are as follows:

That a certain tariff of rates had been, for more than a year, in effect on the ferries of the Sound Ferry Lines, Inc.; that supplementary rates had been filed with the department of public works which were protested by certain bus companies; that the new rates

[1]Reported in 283 Pac. 1093.

were canceled by order of the department, duly made after proper hearing, for reasons not now material, and thereafter the Sound Ferry Lines and J. S. Robinson, its receiver, and the Puget Sound Navigation Company, interveners in said proceedings, caused said order of the department to be removed to the superior court of the state of Washington for Thurston county by writ of review.

On a hearing in the superior court of Thurston county, the order of the department of public works canceling the new schedule of rates was reversed. An appeal was then taken to this court by the department of public works and the Wolverton Bus Company, a participant in all of the proceedings. The application further shows that, notwithstanding the taking of the appeal, the Puget Sound Navigation Company, as the operator of the ferries, proceeded to charge the rates put into effect by the supplemental tariff as filed, whereupon, the attention of the department being called to the matter, the department proceeded summarily under the provisions of Rem. Comp. Stat., § 10442, against the Puget Sound Navigation Company and John S. Robinson, as receiver of the Sound Ferry Lines, Inc.

The proceedings brought under the section of the statute above cited were, by the superior court of Thurston county, dismissed, and the said Puget Sound Navigation Company, as operator of such ferry lines, and John S. Robinson, as receiver, still continue to ignore the order of the department pending the final determination of the appeal in the first action. On this showing being made, it was ordered that the defendants herein show cause why a writ of review should not be issued as prayed for in the petition.

The defendants have made full return and first raise the question that writ of certiorari will not issue

in this case for the reason that an adequate remedy is given by appeal, and that the remedy by appeal is an exclusive remedy in the absence of some extraordinary showing.

"We have many times held that where there is a right of appeal given by statute and such appeal is an adequate remedy, we will not exercise our jurisdiction to issue writs of mandamus, certiorari or prohibition." *State ex rel. Hawksworth v. Clifford*, 130 Wash. 103, 226 Pac. 272.

Section 10442, Rem. Comp. Stat., under the provisions of which the action sought to be reviewed in this proceeding was instituted, provides:

"The final judgment in any such action or proceeding shall either dismiss the action or proceeding or direct that the writ of mandamus or injunction, or both, issue as prayed for in the petition, or in such other modified form as the court may determine will afford appropriate relief. An appeal may be taken to the supreme court from such final judgment in the same manner and with the same effect as appeals from judgments of the superior court in actions to review orders of the commission."

Here we have a proceeding commenced by the department of public works under the provisions of a section of the statute which expressly provides the right of appeal. The decision of the superior court of Thurston county which it is sought to review was adverse to the department. This is not concerning a matter that affects the affairs of the public generally. It is one which affects only commutation rates covering busses and trucks. There is nothing in this action to distinguish it, in so far as has been pointed out to us, from any violation of a departmental order by a public service corporation. The right of the department to summarily deal with the situation is conferred upon it solely by the section of the statute above cited.

That section of the statute provides the remedy, which is by appeal. The legislature might easily have provided a remedy by writ of certiorari had it so desired.

We think our observations in the case of *State ex rel. Quigley v. Superior Court,* 71 Wash. 503, 129 Pac. 83, are particularly applicable. There we said, in speaking of an application for writ of certiorari under a particular statute which granted the right of appeal:

"The right to a contest such as here sought to be reviewed rests solely upon, and is governed by, the provisions of the particular statute providing therefor. Rem. & Bal. Code, §§ 4941 to 4957, inclusive. The section giving the remedy by appeal has never been repealed, either expressly or by implication. To entertain this writ, in the absence of anything distinguishing the proceedings from other election contests brought under the statute, would be a gratuitous assumption of the legislative function."

See, also, *State ex rel. Kent v. Superior Court,* 109 Wash. 336, 186 Pac. 851.

We hold, therefore, that, in the absence of any showing that this case differs in any particular from the ordinary case brought under the provisions of Rem. Comp. Stat., § 10442, the remedy by appeal therein provided is exclusive, and that certiorari will not lie. Writ denied.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.