[No. 28215. Department One. November 4, 1940.]

THE STATE OF WASHINGTON, on the Relation of L. L.
Goodnow, Plaintiff, v. JOHN I. O'PHELAN, as
Judge of the Superior Court for Grays
Harbor County, Respondent.[1]

[1]Reported in 106 P. (2d) 1073.

*Horace G. Geer,* for relator.

*W. J. Murphy,* for respondent.

STEINERT, J.—A petition was filed in this court for a writ of mandamus to compel respondent, as judge of the superior court for Grays Harbor county, to dismiss, for want of prosecution, an action pending in that court. In response to an order to show cause, issued by the chief justice, respondent filed an answer and return. A transcript of the proceedings in the superior court has also been filed herein.

The facts presented by the record before us are as follows: On October 29, 1938, one Adelbert Doddridge, as plaintiff, filed in the superior court for Grays Harbor county a complaint against petitioner herein, L. L. Goodnow, named as defendant in that action and hereinafter at times referred to by the same designation. On November 18, 1938, defendant served, and three days later filed, a motion that plaintiff be required to make an election of remedies and to make his complaint more definite and certain. On or about February 1, 1939, defendant served and filed a motion to have the proceedings in that action stayed until plaintiff had paid the costs in a prior action based upon the same

cause, in which prior action a voluntary nonsuit had been taken. On February 3, 1939, defendant filed a motion and affidavit to disqualify the judge before whom that action was pending.

No further proceedings were had in that cause until February 8, 1940, which was more than a year after the above motions had been filed, at which time defendant served, and on the following day filed, a motion to dismiss the action for want of prosecution. The motion to dismiss was noted for hearing to be had on February 16, 1940. Two days prior to the time set for that hearing, plaintiff served, and thereafter filed, a motion to disqualify the judge to whom the cause had in the meantime been transferred.

Thereafter, on June 17, 1940, the motion to dismiss the action was heard before the respondent judge, who had been specially called for that purpose. After argument and the submission of briefs, respondent filed a memorandum opinion declaring that "the motion to dismiss should be and is denied." A formal order denying the motion to dismiss was thereafter prepared and presented by defendant and was signed by respondent on August 26, 1940. Petitioner thereupon instituted this proceeding.

Petitioner's motion to dismiss the action in the superior court, and his application in this proceeding, are based on Rem. Rev. Stat. (Sup.), § 308-3, Rules of Practice III (193 Wash. 40-a), promulgated May 1, 1938. The rule and statute read as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after *any issue of law or fact has been joined,* unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dis-

miss shall come on for hearing only after notice to the adverse party." (Italics ours.)

The first question presented for decision is whether or not a motion to require an election of remedies, or to make a complaint more definite and certain, or for a stay of proceedings, raises an issue of law within the meaning of the statute and rule above quoted.

Respondent asserts that none of the above-mentioned motions raises such an issue. His argument, as disclosed by the memorandum opinion and in counsel's brief, is based on Rem. Rev. Stat., §§ 309, 310, 311, [P. C. §§ 8473, 8474, 8475], relating to issues in civil actions.

Section 309 provides:

"Issues arise *upon the pleadings* when a fact or conclusion of law is maintained by one party and controverted by the other. They are of two kinds—First, of law; and second, of fact." (Italics ours.)

Section 310 reads:

"An issue of law *arises upon a demurrer* to the complaint, answer or reply." (Italics ours.)

Section 311 continues:

"An issue of fact *arises,*—

"First: Upon a material allegation *in the complaint* controverted by the answer; or

"Second: Upon new matter *in the answer,* controverted by the reply; or

"Third: Upon new matter *in the reply,* except when an issue of law is joined thereon.

"Issues both of law and of fact may arise upon different and distinct parts of the pleadings in the same action." (Italics ours.)

Respondent's position is that, under the procedure prescribed by the statutes of this state, an issue of law can be raised *only* by demurrer, and that an issue of fact can be raised *only* by answer or reply. Petitioner,

of course, contends to the contrary, in so far as motions of the kind filed by him are concerned.

It will be noted that, while Rem. Rev. Stat., § 310, provides that an issue of law arises *upon a demurrer*, it does not declare that such an issue can arise in *only* that manner. It will likewise be noted that, while Rem. Rev. Stat., § 311, provides that an issue of fact *arises* when a material fact in the complaint or answer is controverted by an answer or reply, as the case may be, or when new matter is alleged in the reply, it does not affirm that such an issue can arise in *no other way*. To give those statutes the construction contended for by respondent would be to deny, or else to ignore, what is plainly a legal truth, namely, that an issue of law or an issue of fact arises whenever in the progress of a legal action or proceeding it becomes necessary and proper to decide a question of law or a question of fact.

A motion which seeks to compel an election of remedies, or one to have a complaint made more definite and certain, and, in some instances, a motion to stay an action, present the question of whether or not the movant is entitled, upon the record, to have such application granted. That is purely a question of law. Motions which are supported by affidavits may present questions of fact, in addition to questions of law. The very function of all such motions, however, is to present questions which cannot be raised by the demurrer, answer, or reply, and for such purposes they occupy a well recognized place in our procedure.

The peculiar form of expression used in Rem. Rev. Stat., §§ 310 and 311, with reference to issues of law and of fact, was obviously adopted to conform to the similar language employed in Rem. Rev. Stat., § 309, wherein are designated the two kinds of issues which "arise upon the pleadings." By Rem. Rev. Stat., § 255

[P. C. § 8342], all forms of pleading theretofore existing were abolished, and by Rem. Rev. Stat., § 256 [P. C. § 8343], the only pleadings allowed to the plaintiff are the complaint, the demurrer, and the reply, and to the defendant the demurrer and the answer. All issues, therefore, which arise *upon the pleadings,* are, by Rem. Rev. Stat., § 309, designated issues of law, if raised by a demurrer, and issues of fact, if raised by the answer or the reply. Those issues, whether of law or of fact, arise solely upon, and by, the pleadings as previously designated. In the case of motions such as we have here, however, the issues do not arise solely out of the above-mentioned types of pleadings, but, rather, upon some specific pleading taken in connection with, and as affected by, the particular motion or else upon a motion and its supporting affidavits. Considering the matter from a purely technical view, as thus far discussed, we are of the opinion that Rem. Rev. Stat., §§ 309, 310, and 311 do not control the present situation.

However, there is a broader ground and a more practical reason upon which our conclusion can rest. Rule III, above set forth, was adopted and promulgated by this court for the specific purpose of preventing, or at least of placing a limit upon, a practice under which many cases that had been long neglected, or had even been abandoned, were yet allowed to remain upon the docket of the trial court and to retain the appearance of being alive upon the records of the clerk. The procedure through which it formerly was necessary to go in order to rid the docket of such cases had been found to be uncertain as well as unsatisfactory in its result.

To remedy the prevailing condition and to furnish the superior courts with some definite standard by which to deal with such situations when brought to their attention, the rule was inaugurated. Its purpose was not simply to dispose of those cases wherein an

unreasonable length of time had been allowed to elapse after a demurrer, answer, or reply had been filed, but to cover all cases wherein for any reason the vice of procrastination existed. Permitting a case to slumber indefinitely upon some preliminary motion, is just as needless and obnoxious a practice, and in all probability is just as frequent an occurrence, as is that of permitting delay after the filing of the main, or essential, pleadings. In adopting the rule, this court did not use the phrase "any issue of law or fact" in the narrow and technical sense in which those words had been used in Rem. Rev. Stat., §§ 309, 310, and 311, but in the broader and more accurate sense of having reference to every issue of law or fact, however raised. We, therefore, now hold that the rule applies to issues raised by motions.

Respondent, through counsel's brief, next asserts that, even if the rule is applicable to issues arising out of motions, it cannot be invoked by petitioner in this instance because the delay in noting the action for trial or hearing was caused by petitioner himself as the result of his filing a motion to stay the proceedings until the costs in the former action between the same parties were paid and satisfied.

A situation somewhat similar to the one here was presented in the case of *Arthur v. Washington Water Power Co.*, 42 Wash. 431, 85 Pac. 28, which was decided prior to the adoption of Rule III, *supra*. In that case, the defendant filed a motion to require the plaintiff to pay the costs of a prior action instituted by plaintiff against defendant. Nothing further was done in the pending action for a period of nearly three years, whereupon the defendant noted the motion for hearing. The court granted the motion, and, a few weeks later, entered an order dismissing the cause for want of prosecution. On appeal, the order of dismissal was affirmed

on the ground that the plaintiff had not only failed to pay the costs, but had also failed for a period of two and one-half years to take any steps to forward the prosecution of the case. The court there said:

"While it is true the respondent [defendant] could have taken steps to forward the action, yet the suit having been brought by appellant [plaintiff], the duty was particularly upon him to see that diligence was exercised."

If, in the case at bar, petitioner's motion to stay the proceedings below was well taken, then the delay was caused by the failure of plaintiff therein to pay the costs of the former action, as demanded. If, on the contrary, that motion was not well taken, because of some principle of law or some factual circumstance, then it devolved upon plaintiff to bring the matter before the court for determination. In either event, the delay was caused by the fault of plaintiff, not by that of petitioner.

Respondent finally asserts, in his brief, that, in any event, mandamus is not a proper remedy in this instance. The argument is that petitioner himself prepared and presented the order denying the motion to dismiss, and that, upon the signature by the court and the entry of that order, petitioner could have appealed therefrom.

The fact that petitioner, rather than the plaintiff, prepared and presented the order, is immaterial. The order was that of the court, and its preparation by petitioner was simply for the convenience of the court. Petitioner merely performed a service which the plaintiff, or else the court itself, would otherwise have performed.

The real question, however, under this contention, is not whether petitioner could have appealed from the

order, but whether or not the court had any discretion as to the entry of such an order.

The provisions of the rule and statute here involved are mandatory when the conditions to which they relate have been clearly established, and in such instances the court has no discretion in the matter, but must, on motion, dismiss the action for want of prosecution, and in the event that the court fails or refuses to grant such motion, mandamus will lie to compel the court to perform that duty.

In the recent case of *State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246, we said:

"It is unnecessary to cite and review the numerous authorities that, where the express mandatory conditions of a statute or rule providing for dismissal of actions if not brought to trial within a specified time are clearly established and without contradiction, the court is without discretion in the matter, and mandamus is the proper remedy to require the court to perform the act of granting the motion to dismiss."

In the instant case, the motions filed by petitioner, in the court below, presented, as we have already held, issues of law. It is undisputed that none of the motions was noted for hearing within a year from the time that it was served and filed, and, as we have also declared, the failure to bring the motions duly on for hearing was, in the language of the rule and statute, "caused" by plaintiff, not by petitioner. The motion to dismiss should therefore have been granted.

A peremptory writ, directing the superior court to enter an order dismissing the action pending in that court, will issue.

BLAKE, C. J., MAIN, ROBINSON, and DRIVER, JJ., concur.