[No. 28233. Department Two. December 18, 1940.]

THE STATE OF WASHINGTON, *on the Relation of J. G. von Herberg et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *James B. Kinne, Judge, et al., Respondents.*[1]

[1] Reported in 108 P. (2d) 826.

*Allen, Carey & Roney, Rummens & Griffin,* and *Ballinger, Hutson & Boldt,* for relators.

*Cosgrove, Terhune & Schlosstein,* for respondents.

SIMPSON, J.—This is an original mandamus action instituted by relators for a writ of mandate requiring the superior court of King county to grant a motion for the dismissal of an action pending in that court since June, 1933.

The admitted facts are: June 12, 1933, the Discount Corporation instituted an action on the assigned claim of Rosaia Bros. Florists, Inc., to recover from J. G. von Herberg and Mary von Herberg, husband and wife, the sum of $6,400. June 30, 1933, the defendants in that action filed a motion to make the complaint more definite and certain, and also demurred to the complaint. July 25, 1933, after hearing argument of counsel relative to the motion and demurrer, the court granted the motion and overruled the demurrer.

No further proceedings were had until October 17, 1939, when there was filed a motion, by Rosaia Bros. Florists, Inc., to be substituted as parties plaintiff. November 3, 1939, von Herberg and wife filed a motion

to dismiss the action upon the ground that the action had not been prosecuted within the time prescribed by Rem. Rev. Stat. (Sup.), § 308-3, Rules of Practice III (193 Wash. 40-a), adopted May 1, 1938.

The motions were heard together. The court granted the motion for substitution of parties and denied the motion to dismiss.

Thereafter, Rosaia Bros. Florists, Inc., filed an amended complaint which set up the same cause of action presented in the original complaint. An answer was then filed.

September 27, 1940, another motion to dismiss the action was filed. The basic ground of the last motion to dismiss was the failure to diligently prosecute the action, the movants pointing out in their supporting affidavit that this court, in the case of *State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246, had held the provisions of Rem. Rev. Stat. (Sup.), § 308-3, were mandatory, and not merely permissive. After hearing arguments of counsel relative to the motion, it was denied by the court, the denial resulting in this mandamus action.

One of the first problems with which we are confronted is that raised by the fact that, at the time this action was begun, in 1933, the dismissal of an action for want of prosecution was discretionary with the court, there having been no mandatory provisions in our Rules of Practice relative to the matter. In view of that fact, respondent has resisted this motion upon the basis that the 1938 mandatory rule cannot be given a retroactive effect, there having been no provision therefor in the text thereof. However, we do not deem the objection to be well taken, in view of the fact that there was a lapse of more than a year from the date on which the mandatory rule took effect and the date

on which plaintiffs first took steps to prosecute their cause of action.

Another question presents itself in the form of the timeliness of bringing this action for a writ of mandamus. In *State ex rel. Hawksworth v. Clifford,* 130 Wash. 103, 226 Pac. 272, we held that, although there is no statutory provision governing the time in which such writs must be sought, the proper rule is that it should be sought within the same period as that allowed for an appeal. In the instant case, the fact is that this action was not brought within the time allowed for an appeal, if we measure the lapse of time from the date on which the first motion for dismissal was denied. However, the court heard the arguments of counsel relative to a second motion for dismissal, and if we measure the lapse of time from the date of the denial of that motion, this action is timely.

Assuming, without deciding, that the action now before us was timely presented, we feel constrained to deny the writ, due to the fact that this case does not come within the wording of Rem. Rev. Stat. (Sup.), § 308-3, Rules of Practice III. That rule and statute are worded as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

It is true that Rem. Rev. Stat., § 310 [P. C. § 8474], provides that an issue of law is raised by a demurrer, and that *State ex rel. Goodnow v. O'Phelan, ante* p. 146, 106 P. (2d) 1073, clearly stated that a motion to make more definite and certain presents a question

of law, and may present a question of fact, where supported by affidavits. However, even though there had been a demurrer and a motion to make more definite and certain in June, 1933, thereby causing issues to be joined within the meaning of Rule III, *supra,* those issues were brought on for hearing in July, 1933, the demurrer having been overruled and the motion to make more definite and certain having been granted. When the court overruled the demurrer and issued its order to make more definite and certain, the issues which had been joined were dissipated—they no longer existed. The defendants in the action could have moved for a dismissal under the provisions of Rem. Rev. Stat., § 408 [P. C. § 8122-1], subd. 7, which provides that an action may be dismissed for disobedience of the plaintiff to an order of the court concerning the proceedings in the action, the plaintiff in the case at bar having failed to make its complaint more definite and certain over a long period of time. However, the fact remains that no issue remained after the hearing of July 25, 1933, and in the absence of issues of law or fact, Rule III, *supra,* has no application.

The writ will be denied.

BEALS and JEFFERS, JJ., concur.

BLAKE, C. J. (concurring in the result)—I concur in the result for the reason that relator's time for making application to this court began to run from the date its first motion to dismiss was denied; and this application is therefore not timely.

MILLARD, J. (concurring)—I concur in the majority opinion. However, *State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246; *State ex rel. Goodnow v. O'Phelan, ante* p. 146, 106 P. (2d) 1073; *State ex rel. Philips v. Hall, ante* p. 531, 108 P. (2d) 339;

*State ex rel. Seattle v. Superior Court,* ante p. 540, 108 P. (2d) 342, the case at bar, and other cases of like character in which we denied, without opinion, petition for a writ of mandate requiring trial court to dismiss an action for want of prosecution, accentuate the necessity for enactment of a statute or amendment of present rule (Rem. Rev. Stat. (Sup.), § 308-3, Rules of Practice III) making it mandatory that any action shall be dismissed by the court on motion of defendant, after due notice to plaintiff, if such action has not been brought to trial within eighteen months from the filing thereof unless the parties have stipulated *in writing* for an extension.

