[No. 28511.   Department Two.   December 12, 1941.]

THE STATE OF WASHINGTON *on the Relation of Louis Burkhard, Plaintiff,* v. THE SUPERIOR COURT FOR CLARK COUNTY, *Howard J. Atwell, Judge, Respondent.*[1]

*The Attorney General* and *Edward S. Franklin, Assistant,* and *Shaefer & Hall,* for relator.

*Todd, Holman, Sprague & Allen (Thomas Todd,* of counsel), for respondent.

*The Attorney General* and *T. H. Little, Assistant (Melvin D. Lurie,* of counsel), for Department of Labor and Industries, *amici curiae.*

*Green & Landye,* for Oregon State Federation of Labor, *amici curiae.*

SIMPSON, J.—This is an original mandamus action initiated by the relator for a writ of mandate requiring the superior court of Clark county to set aside an order and judgment dismissing an appeal, taken by a workman, from an order of the joint board of the department of labor and industries.   In open court, however,

[1]Reported in 120 P. (2d) 477.

counsel stipulated that the petition may be considered as one for a writ of certiorari. We shall consider it as such.

As disclosed by the record, the facts are these: During the month of December, 1936, relator, an employee of the Crown Zellerbach Corporation, was living and working in Clallam county, Washington. In January, 1939, he filed a claim for an injury alleged to have occurred in December, 1936. February 1, 1939, the claim was rejected by the supervisor on the ground that it had not been presented within the time limited by law. March 23, 1939, relator petitioned the joint board for a rehearing, which was granted subject to proof that the statute of limitations had not operated against the claim.

November 12, 1940, after a hearing, the joint board entered its order to the effect that the claim had been timely presented, but sustained the order of the supervisor for the reason that relator had not suffered injuries in the course of his employment, and that his condition was not the result of the alleged injury. December 10, 1940, relator served and filed his notice of appeal to the superior court of Clark county, Washington.

On December 13th, the attorney general entered a general appearance in the case. December 16, 1940, the employer served its motion to dismiss the appeal upon the ground that the relator had not appealed to the superior court of the county of his residence, as required by Rem. Rev. Stat., § 7697 [P. C. § 3488]. Thereafter, counsel stipulated that, at all times since the filing of the claim, relator was a resident of the state of Oregon.

July 10, 1941, the superior court entered a judgment dismissing the relator's appeal from the order of the joint board. Application for a writ of mandate was

filed in this court July 25, 1941. An alternative writ was issued by this court, and the matter is here upon the application and the respondent's answer and return thereto. Respondent has moved to quash the show cause order upon the ground that relator has a plain, speedy, and adequate remedy by appeal.

The motion to quash must be granted. The judgment of dismissal was a final order from which an appeal would lie to this court. That judgment disposed of the case to all intents and purposes. The remedy of relator is set out in Rem. Rev. Stat., § 7697, as follows:

"Appeal shall lie from judgment of the superior court as in other civil cases." (Laws of 1931, chapter 90, p. 263, § 1.)

This court has consistently held that writs of mandamus or certiorari will not be considered if the aggrieved party has a plain, speedy, and adequate remedy by appeal. In *State ex rel. Young v. Denney,* 34 Wash. 56, 74 Pac. 1021, this court held:

"It is urged that an appeal will not afford a sufficiently speedy and adequate remedy, for which reason review by certiorari is sought. It has been the uniform rule of this court to deny the writ of certiorari, and the other extraordinary writs of mandamus and prohibition, when it appeared that there was an adequate remedy by appeal. It has also been determined that the delays and annoyances incident to an appeal do not affect the adequacy thereof."

Again, in *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, this court said:

*"We again announce the rule that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs,* and not the mere question of jurisdiction or lack of jurisdiction; and that the adequacy of the remedy by appeal does not depend

upon the mere question of delay or expense. There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction." (Italics ours.)

In *State ex rel. Bellingham v. Abrahamson,* 98 Wash. 370, 168 Pac. 3, it was announced:

"The adequacy of the remedy by appeal or in the course of law is the test in all cases as to whether mandamus will lie, irrespective of the question of jurisdiction or lack of jurisdiction."

This rule has been approved by this court in many of our decisions, as indicated below. *State ex rel. Townsend Gas & El. L. Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 933; *State ex rel. Barbo v. Hadley,* 20 Wash. 520, 56 Pac. 29; *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377; *Jones v. Paul,* 56 Wash. 355, 105 Pac. 625; *State ex rel. Brunn v. State Board of Medical Examiners,* 61 Wash. 623, 112 Pac. 746; *State ex rel. Quigley v. Superior Court,* 71 Wash. 503, 129 Pac. 83; *State ex rel. Godfrey v. Turner,* 113 Wash. 214, 193 Pac. 715; *State ex rel. Department of Public Works v. Superior Court,* 155 Wash. 296, 283 Pac. 1093; *Mulhausen v. Bates,* 9 Wn. (2d) 264, 114 P. (2d) 995.

Furthermore, the general rule to which we have just referred applies to the workmen's compensation act. In *State ex rel. Hawksworth v. Clifford,* 130 Wash. 103, 226 Pac. 272, we stated:

"It is plain to us that the error about which relator complains concerns 'the proper application of the provisions of this act' as provided by the statute, and that she had a right of appeal. It seems plain, also, that this right of appeal afforded a complete and adequate remedy, because the statute expressly provides that on appeal 'full opportunity to be heard shall be had before judgment is pronounced.' By appeal relator

could have raised every question she here raises and the court would have been bound to give a decision on such questions. We have many times held that where there is a right of appeal given by statute and such appeal is an adequate remedy, we will not exercise our jurisdiction to issue writs of mandamus, certiorari or prohibition."

It is obvious that relator had a plain, speedy, and adequate remedy without resort to mandamus or certiorari.

Writ denied.

ROBINSON, C. J., BEALS, and JEFFERS, JJ., concur.

BLAKE, J. (dissenting)—I do not think the remedy by appeal is either speedy or adequate. I, therefore, dissent.