Ben H. STOKES, Bail Bondsman for S. E. Powell, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 41310.

Supreme Court of Oklahoma.

Oct. 5, 1965.

Rehearing Denied Jan. 18, 1966.

James F. Lane, Beaver, Sullivan & Sullivan, Duncan, for plaintiff in error.

James Harley Ivy, County Atty., Waurika, for defendant in error.

IRWIN, Justice:

This is an appeal by case made from trial court's decision declining to set aside its prior order forfeiting bail in a felony case. The ancillary proceeding for relief from the forfeiture, instituted below by the surety, was prosecuted by motion and amended motion filed in conformity with the applicable procedure prescribed by 22 O.S.1961, § 1108 and 12 O.S.1961, § 1031, subdiv. 7. After the adverse decision the surety did not move for a new trial but lodged this appeal directly from the order of September 9, 1964, denying his motions to set aside the bail forfeiture. Acting on its own initiative, this Court directed the surety to show cause why the present appeal should not be dismissed because under the 1963 amendment to 12 O.S.1961, § 651, the errors sought to be assigned should have been preserved for review by motion for new trial. Responding to that order, the surety asserts that this appeal remains totally unaffected by the cited amendment, and a motion for new trial was hence unauthorized and unnecessary to present for review the assignments made; in the alternative, the surety argues that if the Court determine otherwise its decision should be accorded prospective effect only.

The instant case presents for our construction the provisions of H.B. 562, S.L. 1963, p. 326, 12 O.S.Supp.1963, § 651. This statute redefined new trial as a " * * * re-examination in the same court, of an issue of fact, *or law, either or both,* after a verdict by a jury, the approval of the report of a referee, or a decision by the court. * * *." By the terms of this enactment, which added to the section the five italicized words " * * * or law, either or both, * * *", a re-examination of an "issue of law" became included in the statutory definition of a new trial. Before that amendment new trial, within the meaning of the statute, constituted and was confined to a re-examination of an issue of fact.

An issue of fact, as defined by the Code of Civil Procedure, 12 O.S.1961, § 554, arises when material allegations in the petition, answer or reply stand controverted or may be considered as controverted in one of these instruments which are denominated by 12 O.S.1961, § 263 as pleadings. Before the amendment here under consideration, it was uniformly held that an issue of fact can "arise only upon pleadings". Since a motion is not defined as a pleading in Sec. 263, supra, but is classed in 12 O.S. 1961, § 1110 as an "application for an order", no decision "on an issue of fact arising upon pleadings" is rendered in determining a motion. There was no authority in our Code for new trial of a motion. If reconsideration of a ruling made thereon was sought or desired, the proper practice was to renew the motion. Harper v. Hildreth, 99 Cal. 265, 33 P. 1103, 1105; State ex rel. Heinze v. District Court et al., 28 Mont. 227, 72 P. 613, 616; McDermott v. Halleck, 65 Kan. 403, 69 P. 335; Dreese v. Myers, 52 Kan. 126, 34 P. 349, 350.

From this construction of the Code of Civil Procedure, based largely on the technical common-law concepts of an "issue", 3 Blackstone Commentaries, 314, 315, the rule developed in Oklahoma shortly after statehood, that "the filing and determination of a motion for a new trial of a contested question of fact not arising upon the pleadings, but arising upon a motion, is unnecessary to authorize the [Supreme] court to review the order made upon such hearing". Powell et al. v. Nichols et al., 26 Okl. 734, 110 P. 762, 29 L.R.A.,N.S., 886; Oxford v. State, 80 Okl. 103, 194 P. 101; Burdick on New Trials and Appeals, Sec. 99, p. 66.

The appealing surety points out that under the Code definition an issue of law, like one of fact may only arise upon pleadings and cannot arise on a motion. 12 O.S. 1961, § 553; Ritchie et al. v. Kansas N. & D. Ry. Co. et al., 55 Kan. 36, 39 P. 718, 722. Inasmuch as the final order to be reviewed here constitutes a decision made on a motion, the surety argues that neither an issue of law nor one of fact, as those terms are defined in 12 O.S.1961, §§ 553 and 554, could have arisen and there existed no au-

thority even under the amendment to Sec. 651, supra, for a motion for new trial.

 Used in its broader sense, the "issues of law" or "issues of fact" includes issues raised in any manner, whether by formal pleadings or by a motion. The object of the amendment here under consideration was to abolish archaic distinctions and to make appellate procedure uniform in all cases. The intent of the Legislature was to eliminate confusion attributable to slavish adherence to outmoded concepts of procedure with which a present-day practitioner is ill-equipped to cope. Were we to adopt here the narrow meaning of the term "issue", this Legislative purpose would be thwarted and the odious procedural distinctions would survive. This we must decline to do as the duty is ours to adopt that construction of the amended act "which will best repress the evils and advance the remedy" sought to be afforded by the Legislature. Poafpybitty v. Skelly Oil Company, Okl., 394 P.2d 515, 519.

By the amendment in question the Legislature doubtless intended to make a motion for new trial necessary and required in every case in order to preserve for review *any* errors assigned, whether such errors were made in determining issues of law or of fact raised by formal pleadings or by motions. We accordingly hold that in the amendatory act under construction here the phrase "issue of fact, or law, either or both * * *" was not used in the narrow and technical sense in which these words had been employed in 12 O.S.1961, §§ 553 and 554, but must be accorded a broader and more accurate sense as referring to every issue of law or fact, however raised. In this view we are supported by decisions from the State of Washington in which the nontechnical meaning identical to that accorded here was ascribed to two terms. See, State ex rel. Von Herberg et al. v. Superior Court, 6 Wash.2d 615, 108 P.2d 826; State ex rel. Goodnow v. O'Phelan, 6 Wash.2d 146, 106 P.2d 1073, 1075, 1076.

We cannot accede to the surety's argument that our construction of Sec. 651,

supra, should be given prospective effect only. This is because the second syllabus in Taylor v. Taylor, Okl., 387 P.2d 648, followed by our broad expressions in the Poafpybitty case, supra, did afford sufficient notice or warning to the bench and bar of the far-reaching effect of the amendment in question upon our appellate procedure.

This appeal is dismissed because the assignments made were not preserved for review by motion for new trial.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.

LAVENDER, J., dissents.