IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| EMERALD HEIGHTS PROPERTY MANAGEMENT, | No. 85298-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| KYLE LAMAR PITTMAN, | UNPUBLISHED OPINION |
| Appellant. | |

CHUNG, J. — Emerald Heights Property Management (Emerald Heights) sued Kyle Pittman for unlawful detainer after Pittman stopped paying his rent. At the required show cause hearing, Pittman did not testify or present any evidence. A Superior Court commissioner issued Emerald Heights a writ of restitution and awarded it back rent, costs, and fees. Pittman appealed. Finding no error, we affirm.

FACTS

Pittman signed a lease with Emerald Heights for an apartment in Seattle, Washington, beginning August 8, 2021. It specified rent of $1,450 per month, which Pittman paid until March 2022. After Pittman stopped paying rent, Emerald Heights initiated the process required for eviction. In July 2022, Emerald Heights served Pittman with a 14-day notice, invoice, and payment schedule for past due rent and an Eviction Resolution Pilot Program notice, and it submitted the notices to the Dispute Resolution Center (DRC). Pittman did not respond, and the DRC issued its required certificate in August. Emerald Heights served Pittman with a 30-day notice on August 12, an eviction

summons and complaint for unlawful detainer on August 19, and filed suit for unlawful detainer on September 12. The trial court issued an order to show cause and set the matter for a hearing.

At the show cause hearing on October 28, 2022, Emerald Heights's broker, Ryan Dosch, testified that Pittman owed eight months of back rent, totaling $11,600, not including any late fees. While the lease itself was not put into evidence, Dosch testified his company, Emerald Heights, was the property manager for the owner and that he had read the lease, knew the rent amount, recognized Pittman as the tenant of the apartment at issue, and knew the details of Pittman's account.

Pittman represented himself at the hearing. He cross-examined Dosch, but presented no witnesses or documentary evidence and confirmed several times that he did not want to testify. Pittman purported to have "special proprietary evidence," but produced none. Instead, he stated, "I want you to show cause why my private American national rights should comingle with public enemy -- enemy belligerent rebels . . . or be resolved." When the court asked again, "[I]s there evidence that you would like to introduce into this case?", rather than identify any evidence, he repeated his request that the court show cause, stating, "I privately domicile outside of the federal district within a nonmilitary occupied estate not subject to the jurisdiction of the United States." Then, though he had confirmed he did not want to testify, he stated, "[I]t was my intent to form a trust relationship and that all documents pertaining to this account are trust property." Based on this purported trust, Pittman then argued that "[a]ny liability in trust cannot be imputed to the grantor." He asked the court to dismiss the case because

cause had not been shown why "my equitable title doesn't hold superior title over legal title."

The trial court commissioner concluded that the unrebutted evidence established by a preponderance that Pittman was a tenant at the property, was obligated to pay rent, had failed to pay rent commencing in March 2022, for a total arrears of $11,600, a proper 14-day notice to pay or vacate was issued, and Pittman neither paid the rent nor did he vacate. Accordingly, the commissioner issued a writ of restitution restoring possession of the apartment to Emerald Heights, terminated the lease, and awarded back rent totaling $11,600, costs of $614.98, and fees of $1,082.50. The written order incorporated the commissioner's oral ruling.

Pittman filed a "Notice of Appeal and Injunction," seeking either dismissal or removal on jurisdictional grounds, and a statement of grounds for direct review with the Washington Supreme Court. The Supreme Court transferred the case to this court in May 2023.[1]

Pittman then filed a "Petition for a Writ of Mandamus," and, in a motion for an extension of time filed the same day, requested the petition be accepted as his opening brief. A commissioner of this court granted his request.[2]

---

[1] The Supreme Court also transferred Pittman's pending motions for a more definitive statement and a stay, which a commissioner of this court denied. A panel of this court denied Pittman's subsequent motion to modify the commissioner's ruling.

[2] Emerald Heights timely filed its brief in response. Pittman filed a motion to strike Emerald Heights's brief entirely. Finding no basis to strike the brief, we deny the motion.

ANALYSIS

Pittman's opening brief, or petition for a writ of mandamus, argues that this court should "grant the petition and vacate the judgement [sic] order for Writ of Restitution." We first clarify the proper nature and scope of the appeal. A writ of mandamus "is an extraordinary remedy appropriate only where a state official is under a mandatory ministerial duty to perform an act required by law as part of that official's duties." Pimentel v. Judges of King County Superior Court, 197 Wn.2d 365, 370, 482 P.3d 906 (2021) (internal citations omitted). Here, though styled as a petition for a writ, Pittman's petition was filed not as an original action against the trial court, but as an appeal in Emerald Heights' unlawful detainer action against him. See RAP 2.2(a) (final decisions of the superior court that may be appealed). Thus, based on the relief Pittman seeks, we address this as an appeal of the trial court's order issuing Emerald Heights a writ of restitution and awarding it back rent, costs and fees.[3]

A person who continues in possession of property after a default in the payment of rent is liable for unlawful detainer. RCW 59.12.030(3). Unlawful detainer proceedings, governed by chapter 59.12 RCW, are designed to expeditiously resolve the right to possession of property. Faciszewski v. Brown, 187 Wn.2d 308, 314, 386 P.3d 711 (2016). For a residential property, a landlord seeking a writ of restitution must request a

---

[3] We are also mindful that mandamus "does not lie to control judicial discretion." In re Clerf, 55 Wash. 465, 468, 104 P. 622 (1909); see also RCW 7.16.160 (mandamus "may be issued . . . to compel the performance of an act which the law especially enjoins as a duty"). To obtain a writ of mandamus, the petitioner must demonstrate "(1) the party subject to the writ has a clear duty to act; (2) the petitioner has no plain, speedy, and adequate remedy in the ordinary course of law; and (3) the petitioner is beneficially interested." Seattle Times Co. v. Serko, 170 Wn.2d 581, 588-89, 243 P.3d 919 (2010). An aggrieved party cannot obtain a writ of mandamus if it has "a plain, speedy, and adequate remedy by appeal." See, e.g., State ex rel. Burkhard v. Superior Court for Clark County, 11 Wn.2d 600, 602, 120 P.2d 477 (1941).

show cause hearing. Id. at 314 n.3; RCW 59.18.370 (Residential Landlord-Tenant Act of 1973).

At the show cause hearing, "to ascertain the merits of the complaint and answer," the court shall examine the parties and witnesses orally and, "if it shall appear" that the plaintiff has the right to be restored to possession, shall issue a writ of restitution. RCW 59.18.380; Faciszewski, 187 Wn.2d at 314-15. Otherwise, the court may deny the landlord's motion for a writ and " 'enter an order directing the parties to proceed to trial.' " Id. at 315 (quoting RCW 59.18.380). The court must also decide whether there is a substantial issue of material fact as to whether the landlord is entitled to the other relief sought in its complaint or whether there is a genuine issue of a material fact pertaining to a legal or equitable defense raised by the answer. Id.; RCW 59.18.380.

Appellate review of a commissioner's order is the same as for any other order or judgment entered by a superior court judge. RCW 2.24.050 (a superior court's commissioner's orders "shall be and become" the orders and judgments of the superior court). Unchallenged, the court's findings of fact are verities on appeal. Tedford v. Guy, 13 Wn. App. 2d 1, 12, 462 P.3d 869 (2020) (explaining the standard of review in an unlawful detainer action). Otherwise, findings are reviewed for substantial evidence. Id. We review conclusions of law de novo. Id.

I.      Jurisdiction

Pittman argues an issue is "[w]hether the superior court erred as a matter of law, clearly abused its discretion, and/or exceeded its authority" when it issued the writ of

restitution because the court lacked personal and subject matter jurisdiction. We conclude the court properly determined it had jurisdiction to hear the case.

The superior court has original jurisdiction in "all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." WASH. CONST., art. IV, § 6. And, specifically, Washington's superior courts "shall have original jurisdiction in all cases . . . which involve the title or possession of real property." RCW 2.08.010. See also Hous. Auth. of Seattle v. Bin, 163 Wn. App. 367, 369, 260 P. 3d 900 (2011) ("An unlawful detainer action is within the subject matter jurisdiction granted to the superior court by the state constitution."). Chapter 59.12 RCW sets out the process for unlawful detainer actions, including show cause hearings. Thus, the court had jurisdiction over the subject matter of Emerald Heights's unlawful detainer action against Pittman.

As for personal jurisdiction, Pittman argues he is a "Private American National, that is, someone who is 'privately domiciled outside of the federal district within a nonmilitary occupied estate' . . . [n]ot subject to the jurisdiction of the United States." Br. of Appellant, Factual Background ¶ 14 (citations omitted). But Pittman provides no authority or evidence for this argument. The record contains Dosch's testimony identifying Pittman as the person who signed the lease, and as the resident of the apartment since August 2021. Dosch also placed the apartment in King County, and stated that Pittman received all the required notices, was properly served, and had notice of the show cause hearing, at which he appeared. There is no controverting evidence to support Pittman's argument that the court lacked personal jurisdiction over

him. Thus, the court properly concluded that it "ha[d] jurisdiction and venue is proper in this action."[4]

## II.   Writ of Restitution

RCW 59.18.380 states that "if it shall appear" that the plaintiff has the right to be restored to possession, the court shall issue a writ of restitution. Here, the trial court found that Pittman entered into a lease for the apartment at $1,450 a month, and did not pay rent for eight months from March to October 2022. Further, the court found that Pittman received all the required eviction notices, was served notice of Emerald Heights's suit, and received notice of the show cause hearing, at which he appeared. Finally, the court found that the back rent amounted to $11,600 and Emerald Heights accrued costs of $614.98 and fees of $1,082.50.

Pittman contended he had "special proprietary evidence," but did not provide any admissible evidence controverting the evidence provided by Emerald Heights. The court explained to Pittman, "You can make any statement you want, but what I want you to understand is for you to give me information about any facts, you need to be under oath to testify." Pittman responded, "I do not want to testify." The court followed up: "All right. You may go ahead, but I want you to understand that if you give me statements about facts, that I will not consider those to be admissible unless they're presented to me by sworn testimony."

---

[4] We also deny Pittman's motion to strike dated September 20, 2023, which argues that Emerald Heights's brief should be stricken for suggesting that jurisdiction was proper.

Pittman argues generally that because he "can only make oath to God," his lack of testimony at the show cause hearing was "no legitimate reason" for the court to issue its order. However, the court may consider only admissible evidence, as defined by the rules of evidence. ER 1101. The rules apply equally to parties who are represented by counsel and who appear pro se. Westberg v. All-Purpose Structures Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997) (Pro se litigants are "bound by the same rules of procedure and substantive law as attorneys.").

Because Pittman offered no evidence or testimony at the show cause hearing, the only evidence before the court came from Emerald Heights and supported the court's findings. Moreover, on appeal, Pittman did not contest any of the findings of fact; therefore, they are verities. See Tedford, 13 Wn. App. 2d at 12.

The court's findings of fact support the conclusion that Emerald Heights had the right to be restored to possession of the apartment it had leased to Pittman. The court properly granted Emerald Heights a writ of restitution and awarded it back rent, costs, and fees.

III. Costs and Fees on Appeal

Emerald Heights requests costs and fees on appeal "for responding to an appeal which is factually unsupported and legally frivolous." Under RAP 18.1, a party may recover reasonable attorney fees and expenses if a party so requests and applicable law grants to a party that right. RAP 18.1(a).

Here, Emerald Heights devoted a section of its brief to requesting costs and fees on appeal, as RAP 18.1(b) requires. It argues it is entitled to costs and fees on appeal

because the court awarded it costs and fees below "based on the lease."[5] But the lease itself is not before this court, so we cannot determine what provision provides for costs and fees.[6] Nor does Emerald Heights cite to the Residential Landlord-Tenant Act, RCW 59.18.290, as the basis for its fees.

Absent a showing of a right, a party may not recover attorney fees on appeal. See Payton v. Nelson, No. 38568-0-III, slip op. at 11-12 (525 P.3d 244) (Wash. Ct. App. Mar. 7, 2023), https://www.courts.wa.gov/opinions/pdf/385680_pub.pdf (denying fees on appeal because the lease provision cited by the prevailing tenant specified "RCW 59.18" but it was "not clear" the landlord had a right to fees where the tenant was denied counsel at the show cause hearing). Accordingly, we deny Emerald Heights's request for fees on appeal. However, as the prevailing party, Emerald Heights may recover costs pursuant to RAP 14.2.

Affirmed.

_Chung, J._

WE CONCUR:

_Hazelrigg, ACJ_                    _Mann, J._

---

[5] Pittman does not challenge, so we do not disturb, costs and fees awarded below.
[6] Nor was the lease before the commissioner below.