# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHAEL J. COLLINS, | No. 54390-7-II |
| Appellant, | |
| v. | |
| OLYMPIC INTERIORS INC., | UNPUBLISHED OPINION |
| Respondents. | |

CRUSER, J. — Michael J. Collins appeals the summary judgment order in favor of Olympic Interiors (Olympic). Collins claims the trial court erred when it granted Olympic's motion for summary judgment, did not consider Collins' motion to compel, and did not consider his spoliation argument. Collins also references multiple other alleged errors throughout his briefs.

We hold that Collins fails to show that Olympic is not entitled to summary judgment. Additionally, we hold that Collins fails to demonstrate the trial court erred when it did not consider Collins' motion to compel. Furthermore, we hold that Collins fails to put forth any evidence that supports his spoliation claim, and therefore fails to show that the trial court erred in deciding summary judgment in favor of Olympic. Finally, we decline to consider the remaining issues because they were not sufficiently briefed or preserved by Collins.

## FACTS

### I. ALLEGED INJURY

Olympic is a company that engages in drywall installation. Collins worked for Olympic for four days, from January 30, 2017 through February 2, 2017. On February 10, 2017, Collins emailed Olympic to inquire whether further work would be available and to ask when he would receive his pay check. The record does not reflect whether Olympic responded to Collins' email.

In June 2017, Olympic heard from Collins again when Collins emailed Olympic notifying Olympic that he had been injured while working for Olympic and that he would be filing a claim with the Department of Labor & Industries (DLI). This was the first time Collins had mentioned an injury to anyone at Olympic. After receiving Collins' email, Doug Bagnell, the controller for Olympic, wrote a memorandum to DLI. Bagnell informed DLI that he recalled Collins "having some obvious mobility restrictions with his neck. [Collins] seemed unable to turn his neck fluidly, having to use his upper torso to turn." Clerk's Papers (CP) at 223. Bagnell further stated that Bagnell "would want to question whether [Collins] has had some occupational issues with his neck and shoulder prior to starting work with Olympic Interiors." *Id.* Additionally, in the memorandum, Bagnell averred that the superintendent and job site foreman did not recall Collins notifying them that he was injured and there was no record that an injury was reported.

### II. WORKERS COMPENSATION CLAIM

Collins filed a worker compensation claim for a neck injury that he alleged occurred while he was employed with Olympic. DLI rejected Collins' injury claim. Collins appealed this decision to the Board of Industrial Insurance Appeals (Board). The Board determined that Collins had failed

to provide competent medical testimony to establish a cervical neck condition. The Board concluded that Collins did not meet his burden of proof and dismissed his appeal.

During the hearing before the Board, an exchange occurred to which Collins attaches significance in this appeal. In the exchange, Collins asked Bagnell, "So do you recall my complaint about the mistaken documentation of my type of hours worked?" *Id.* at 119. Bagnell responds, "I recall, yes. There was a coding error that you had identified for your hours." *Id.*

### III. TRIAL COURT PROCEEDINGS

Collins sued Olympic alleging intentional infliction of emotional distress (IIED), outrage, and defamation. Collins claimed that on January 30th, while working for Olympic, Collins injured his right shoulder and neck. Collins alleged that Olympic intentionally falsified his time sheet and pay stub in order to discredit him before DLI if he decided to file a worker's compensation claim. Collins claimed he was hanging sheetrock for Olympic, which is "'very heavy'" work. *Id.* at 2. But Olympic recorded that he was framing, which is "'lighter duty'" work. *Id.* Collins explained that the lighter work that Olympic falsely stated he was doing would not have caused his injury. Collins alleged Olympic also falsified the documents in retaliation for Collins informing his supervisor that Olympic was violating safety recommendations.

Additionally, Collins alleged that Bagnell lied, in his memorandum to DLI, when Bagnell stated he observed that Collins had limited mobility. Collins believed Bagnell's statement implied Collins had an underlying medical condition. Collins alleged that DLI relied on Bagnell's memorandum when it denied Collins' claim.

Collins filed a document titled "Plaintiff['s]: Further Specific Argument to Spoliation Test." Collins argued that Olympic tampered with evidence relevant to his case because Olympic

failed to preserve a copy of his signed time sheet. According to Collins, the signed time sheet would have referenced the injuries Collins suffered and would have been signed by a supervisor. Collins also claimed Olympic had falsified his unsigned time sheet. The document Collins filed does not appear to be a motion; Collins did not ask for sanctions or a determination by the court. Instead, Collins stated the document was to "further argument . . . to defeat any future defense [m]otion[s]." *Id.* at 28. The record does not indicate if the trial court considered this filing.

Collins also filed a declaration indicating a meet-and-confer conference had been attempted, as required by CR 26(i). However, Collins did not specify what the topic of the conference was. A week earlier, Collins had filed a memorandum objecting to Olympic's answers to his discovery requests, but Collins failed in that memorandum to identify the subject of his discovery requests. The subsequent 10 pages of his declaration did not reference his memorandum objecting to Olympic's answers to his discovery requests, but instead discussed Olympic's deposition of Collins' expert witness. And although he makes passing references to requesting information from Olympic, Collins never specified whether these requests were connected to his earlier memorandum or is his meet-and-confer conference. The record does not indicate if the trial court considered this filing.

About a week later, Collins filed a motion to compel in which he requested that Olympic turn over various time sheet and payroll related documents. The motion did not include any indication that Collins held a meet-and-confer conference on this issue. And he failed to reference his declaration on the meet-and-confer conference that he filed a week earlier. Additionally, the record does not reflect that Collins filed the required certification required under CR 26(i) on this discovery issue. The record does not indicate if the trial court considered this filing.

## IV. MOTION FOR SUMMARY JUDGMENT

On November 6, 2019, Olympic moved for summary judgment, and asked that the court dismiss all of Collins' claims. Olympic argued that Collins failed to meet the required elements for his claims.

On November 8, Collins responded. Collins argued that he had met his burden of proof by a preponderance of the evidence and there was a genuine issue of material fact. Collins also argued that summary judgment was not proper because Olympic had not responded to Collins' discovery requests. Collins attached DLI's letter that notified him that DLI had rejected his injury claim. On November 12, Collins filed an additional response titled "Plaintiff['s]: Further Opposition to Defense Motion to Dismiss." In it, Collins again asserted that his case should go to a jury. Collins also referenced spoliation throughout his response and additional response. In his additional response, Collins included excerpts from the testimony before the Board that contained Olympic's concession that there was a coding error regarding Collins' hours. Collins did not include a declaration of his own, or any affidavits, or depositions. On November 27, Olympic filed its response.

On December 2, Collins filed a declaration and a document titled "Plaintiff['s] Further Opposition: [T]o Defendant['s] Reply in Support of its Motion for Summary Judgment." Although this response was untimely, Collins claimed his response should not be barred by CR 56 because he did not receive Olympic's reply until November 30. Olympic moved to strike Collins' declaration and argument filed on December 2, 2019 because the filing was untimely under CR 56. The court agreed with Olympic, and struck Collins' declaration and his "Further Opposition" document filed on December 2.

On December 6, the trial court held a hearing on the motion for summary judgment. The court considered Olympic's motion for summary judgment, Bagnell's declaration, the declarations by Olympic's attorneys, and Olympic's reply. The Court also considered Collins' responses filed on November 8 and November 12.

The court granted Olympic's motion for summary judgment and dismissed Collins' case with prejudice. The court stated that "taking the evidence in the light most favorable to Mr. Collins, there is insufficient factual support for any of the claims that he makes." Verbatim Report of Proceedings (VRP) at 19. The court explained that Collins was required to set forth at least some facts that demonstrate the elements of his claims, but that he failed to do so. Additionally, the trial court noted that "employers do have the right . . . to dispute claims of injuries." *Id.* at 21.

Collins appeals.

ANALYSIS

I. ORDER GRANTING SUMMARY JUDGMENT

Collins contends that Olympic is not entitled to summary judgment because it has failed to show the absence of a genuine issue of material fact. Collins argues that his complaint, along with its attachments and the testimony from Bagnell, are sufficient to defeat summary judgment.

Olympic responds that it is entitled to summary judgment because Collins has failed to submit any admissible evidence and relies solely on allegations in his response to the motion for summary judgment. We agree with Olympic.

A. STANDARD OF REVIEW

We review a superior court's grant or denial of summary judgment de novo. *Columbia Riverkeeper v. Port of Vancouver USA*, 188 Wn.2d 80, 90, 392 P.3d 1025 (2017). We conduct the same inquiry as the trial court and will affirm an order of summary judgment if there is "'no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013) (quoting *Qwest Corp. v. City of Bellevue*, 161 Wn.2d 353, 358, 166 P.3d 667 (2007), *abrogated on other grounds by Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 310 P.3d 804 (2013)); CR 56(c). We can affirm the superior court's order granting summary judgment "on any basis supported by the record." *Coppernoll v. Reed*, 155 Wn.2d 290, 296, 119 P.3d 318 (2005). When reviewing an order granting summary judgment, we view the facts in the light most favorable to the nonmoving party. *Columbia Riverkeeper*, 188 Wn.2d at 90.

The party moving for summary judgment holds the initial burden of demonstrating the lack of a genuine issue of material fact. *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 381, 46 P.3d 789 (2002). Where the moving party has successfully made this initial showing, and that party is the defendant, the burden of proof shifts to the plaintiff. *Id.* at 381-82. The plaintiff must then demonstrate there is sufficient evidence to establish one element that is essential to the plaintiff's case, which the plaintiff must prove at trial. *Id.* at 382. If the plaintiff fails to do so, then the defendant's motion for summary judgment should be granted. *Id.*

A plaintiff's claim cannot rest on a speculative theory or an argumentative assertion of possible counterfactual events. *H.B.H. v. State*, 197 Wn. App. 77, 93, 387 P.3d 1093 (2016), *aff'd*, 192 Wn.2d 154, 429 P.3d 484 (2018); *Martini v. Post*, 178 Wn. App. 153, 165, 313 P.3d 473

(2013). The nonmoving party must provide specific facts that demonstrate a genuine issue for trial, that would be admissible in evidence and that are supported by affidavits "made on personal knowledge." CR 56(c), (e).

B. ANALYSIS

### 1. Intentional Infliction of Emotional Distress[1]

Collins contends that his IIED claim should survive Olympic's motion for summary judgment because he has demonstrated the existence of a genuine issue of material fact. In support of his argument, Collins relies on his assertions that Olympic intentionally falsified quarterly reports and his payroll stub by recording, in those documents, that Collins did a different type of work than what he actually performed. Collins asserts that Olympic intentionally falsified the documents to cover up Collins' injury and safety violations as well as to discredit him when he filed his claim with the DLI.

We hold that Olympic is entitled to summary judgment on Collins' IIED claim.

For an IIED claim to succeed, the plaintiff must prove "'(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress.'" *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 840, 355 P.3d 1100 (2015) (quoting *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 792, 336 P.3d 1142 (2014)) (internal quotation marks omitted). Extreme and outrageous conduct goes "'beyond all possible bounds of decency,'" and is "'so outrageous in character'" that it is "'to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Reyes v. Yakima Health Dist.*, 191 Wn.2d 79,

---

[1] Collins includes outrage as a separate claim but "'[o]utrage' and 'intentional infliction of emotional distress' are synonyms for the same tort" and do not requires separate analysis. *Kloepfel v. Bokor*, 149 Wn.2d 192, 193 n.1, 66 P.3d 630 (2003).

91, 419 P.3d 819 (2018) (quoting *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975) (plurality opinion) (internal quotation marks omitted). Ordinarily, whether conduct is sufficiently outrageous is a question for the jury. *Trujillo*, 183 Wn.2d at 840. However, "the court makes the initial determination of whether reasonable minds could differ about 'whether the conduct was sufficiently extreme to result in liability.'" *Id.* (quoting *Lyons*, 181 Wn.2d at 792) (internal quotation marks omitted).

Here, Collins fails to prove extreme and outrageous conduct because the only evidence Collins presents on this issue is an excerpt from the transcript from the Board hearing in which Olympic conceded "[t]here was a coding error that [Collins] had identified for [his] hours." CP at 119. Collins provides no evidence establishing the exact nature of the coding error, when Olympic was made aware of the error, or what document contained the coding error. The mere existence of a coding error does not demonstrate that Olympic intentionally entered the information incorrectly. Additionally, Collins fails to show that the coding error had any impact on DLI's decision to deny his claim.

While intentionally falsifying documents to cover up a workplace injury may be extreme and outrageous conduct, Collins fails to provide any evidence that this occurred. Mere allegations unsupported by evidence are insufficient to survive summary judgment. CR 56(c), (e); *H.B.H.*, 197 Wn. App. at 93; *Martini*, 178 Wn. App. at 165. Collins has not shown that the coding error is atrocious or "'beyond all possible bounds of decency.'" *Reyes*, 191 Wn.2d at 91 (quoting *Grimsby*, 85 Wn.2d at 59).

Therefore, we conclude that Collins fails to demonstrate that there is a genuine issue of material fact as to this claim, and Olympic is entitled to judgment as a matter of law.

*2. Defamation*[2]

As to his defamation claim, Collins again argues that Olympic is not entitled to summary judgment because he has established a genuine issue of material fact as to this claim. Collins relies on his assertions that the memorandum Bagnell submitted to DLI was defamatory and that Olympic intentionally provided false information to DLI to discredit him. Collins asserts that the documents submitted by Olympic to DLI provided the only possible basis for DLI's rejection of his neck injury claim.

We conclude that Collins fails to make a prima facie showing of the elements of defamation and fails to show that Olympic is not entitled to judgment as a matter of law.

In a claim for defamation, a private plaintiff must establish (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages in order for the plaintiff's claim to survive summary judgment. *Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005) (plurality opinion); *Sisley v. Seattle Sch. Dist. No. 1*, 171 Wn. App. 227, 234, 286 P.3d 974 (2012). If a plaintiff is alleging defamation by implication, then the plaintiff may prove that the defendant's statement left a false impression instead of proving the statement was false. *Sisley v. Seattle Pub. Sch.*, 180 Wn. App. 83, 87-88, 321 P.3d 276 (2014). "To survive a defendant's motion for summary judgment, a plaintiff must make a prima facie showing as to all the defamation elements." *Mohr*, 153 Wn.2d at 827 (citing *Mark v. Seattle Times*, 96 Wn.2d 473, 486, 635 P.2d 1081 (1981)).

---

[2] Collins argues for the first time on appeal that his claim is actually defamation per se rather than mere defamation. However, he did not raise a defamation per se claim before the trial court. Under RAP 9.12, "[o]n review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." Therefore, we decline to consider Collins' claim as a defamation per se claim.

Here, Collins fails to provide any evidence that establishes falsity, the first element of defamation. Collins has not provided any evidence that any statement in Bagnell's memorandum to DLI was false or that any document submitted to DLI contained false information. There is also no evidence that Bagnell's memorandum or any other information provided by Olympic gave anyone at DLI a false impression. *Sisley*, 180 Wn. App. at 87-88. Collins sets forth only allegations, not evidence.

As discussed above, the record reflects there was a coding error with Collins' hours, but Collins fails to provide evidence that this coding error was intentional or that it influenced DLI. In fact, the record demonstrates that Collins' neck claim was rejected because Collins failed to provide sufficient proof of his alleged condition, including sufficient medical evidence, not because of any information provided by Olympic. Collins relies on mere speculation to support his allegations, which is insufficient to defeat a motion for summary judgment. *Right-Price Recreation*, 146 Wn.2d at 381-82.

We conclude that Collins fails to demonstrate a genuine issue of material fact about whether Olympic made false statements, and likewise fails to show that he suffered any damages as a result of Olympic's conduct.

## II. MOTION TO COMPEL

Collins claims that the trial court erred because it did not consider his motion to compel in which he requested that Olympic produce various time sheet and payroll related documents. We hold that the trial court did not err in failing to consider Collins' motion to compel because the motion was not properly before the trial court.

A trial court does not consider a motion to compel until the moving party fulfills the meet-and-confer requirement and files a certification that the conference requirements were met. CR 26(i). Although the record does reflect that Collins filed a motion to compel, Collins fails to show that he met the meet-and-confer requirement or filed the required certificate in support of his motion to compel. CR 26(i). Collins filed a declaration stating that a meet-and-confer conference was attempted, but his declaration does not state what issues were discussed at the meet-and-confer conference.

Therefore, we conclude that Collins' motion to compel was not properly before the trial court, and the trial court did not err when it did not grant Collins' motion to compel.

## III. SPOLIATION ARGUMENT

Collins argues that the trial court failed to consider his spoliation argument. Collins contends that the subject of the spoliation was a time sheet that references the injuries he suffered that both Collins and a supervisor signed.

We conclude that Collins' spoliation claim fails because Collins cannot show that he would have prevailed in this claim or obtained a remedy from the trial court.

A. LEGAL PRINCIPLES

Spoliation is a term of art to describe a legal conclusion that a party willfully and improperly destroyed evidence. *Homeworks Constr. v. Wells*, 133 Wn. App. 892, 900, 138 P.3d 654 (2006). A party acts improperly if the party fails to preserve evidence it had a duty preserve. *Id.* at 901.

When a party raises a spoliation argument, the trial court must weigh both the relevancy or potential importance of the evidence in question and whether the adverse party was at fault or

culpable for the spoliation. *Id.* at 899 (citing *Henderson v. Tyrrell*, 80 Wn. App. 592, 607, 910 P.2d 522 (1996)). The trial court then uses its discretion to impose an appropriate sanction. *Id.* (citing *Henderson*, 80 Wn. App. at 604).

B. ANALYSIS

To the extent that Collins is alleging that the trial court improperly granted summary judgment in light of his spoliation argument, Collins has not met the test for demonstrating spoliation. First, Collins provided no evidence of the culpability of the adverse party. Collins' claim that Olympic tampered with or destroyed evidence rests entirely on arguments he made in his memorandum, rather than on evidence. Second, Collins has not demonstrated the importance or relevance of the allegedly missing evidence. Collins fails to show that DLI would have granted his claim had it been shown this missing time sheet.

Additionally, the coding error, discussed above, does not support Collins spoliation argument. That evidence only proves there is a coding error with respect to Collins' hours. There is no evidence that the coding error was connected to a time sheet Collins signed. Collins has failed to prove that even if the trial court had considered his spoliation argument, that the trial court would have agreed with his spoliation claim, afforded him a remedy as a result, or altered its determination on summary judgment. *Cook v. Tarbert Logging, Inc.*, 190 Wn. App. 448, 474, 360 P.3d 855 (2015).

We conclude that even if the trial court erred by not considering Collins' spoliation argument, he cannot show he would have prevailed in his argument or obtained a remedy.

IV. ADDITIONAL ISSUES

Collins makes several additional claims of trial court error. RAP 10.3(a)(6) requires that Collins provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." However, Collins fails to provide any meaningful arguments or explanations on the additional issues that he raises. In some instances, we are unable to even discern the nature of the error that he is alleging. Additionally, Collins routinely fails to cite to the record and legal authority to support his position. RAP 10.3(a)(6). Given there are no further issues that we can discern that are supported by argument and citation to the record and legal authority, we decline to consider any other alleged errors Collins raises. *See Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2014).[3]

CONCLUSION

We hold that Collins fails to show a genuine issue of material fact as to his IIED and defamation claims, and that Olympic is entitled to judgment as a matter of law. Further, we hold that the trial court did not err in failing to consider Collins' motion to compel and his spoliation argument. Finally, we decline to consider the remaining issues for the reasons set forth above.

Accordingly, we affirm.

---

[3] Collins also raises additional errors for the first time in his reply brief. We decline to consider these issues because an appellate court does not consider issues raised for the first time in a reply brief. *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App 52, 78 n.20 322 P.3d 6 (2014).

Collins also requested oral argument in his reply brief. However, Collins never filed a motion for oral argument, and he did not request a hearing within the time period required by the court. Therefore, we decline to consider Collins' request for oral argument.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
CRUSER, J.

We concur:

_____
MAXA, J.

_____
SUTTON, A.C.J.