# FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE OCT 10 2013

CHIEF JUSTICE



This opinion was filed for record
at 8:00 a.m. on Oct 10, 2013

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

COST MANAGEMENT SERVICES, INC.

Respondent,

v.

CITY OF LAKEWOOD, a municipal corporation, and CHOI HALLADAY, Assistant City Manager for Finance,

Petitioners.

---

COST MANAGEMENT SERVICES, INC.

Respondent,

v.

CITY OF LAKEWOOD, a municipal corporation,

Defendant.

NO. 87964-8

EN BANC

Filed _____ OCT 10 2013

GORDON McCLOUD, J.—For many years, Cost Management Services Inc. (CMS) made a certain tax payment to the city of Lakewood. In late 2008,

upon examining the relevant regulations, CMS decided that it did not in fact owe the tax that it had been paying. In November 2008, it stopped paying the tax and it submitted a claim to Lakewood for a refund of taxes it had previously paid from 2004 to September 2008.

Lakewood did not respond to the request for a refund of the 2004-2008 tax payments. But six months later, in May 2009, it issued a notice and order to CMS demanding payment of past due taxes for a different time period—October 2008 to May 2009. CMS did not respond to the notice and order from Lakewood.

Instead, CMS sued Lakewood in superior court on its refund claim, asserting a state common law claim of money had and received. The trial court held a bench trial on that state law claim. The trial court found in favor of CMS, ruling that CMS did not owe the taxes it had paid to Lakewood. In addition, in a separate action, the trial court granted CMS's petition for a writ of mandamus ordering Lakewood to respond to the refund claim.

The Court of Appeals affirmed in a partially published opinion. *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 170 Wn. App. 260, 284 P.3d 785 (2012). It first addressed Lakewood's argument that the trial court should have dismissed CMS's claim because CMS failed to exhaust its administrative remedies. The Court of Appeals reasoned that since Lakewood had never actually responded to the refund

claim, CMS had no further administrative steps available to it on the refund claim, and thus exhaustion was not required. The appellate court also ruled that the trial court had properly issued the writ of mandamus. Lakewood sought review of the Court of Appeals' decisions on the exhaustion and the mandamus issues, and we accepted review. *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 176 Wn.2d 1011, 297 P.3d 706 (2013). We affirm the Court of Appeals as to the exhaustion issue, but we reverse the Court of Appeals as to the mandamus issue.

## FACTS

CMS is an energy consulting firm that arranges the purchase and delivery of natural gas for its customers from its offices on Mercer Island. Some of its customers are in Lakewood. Between 2004 and 2008, CMS paid a tax to Lakewood that CMS labeled, in its tax returns, an "occupation" tax. Report of Proceedings (RP) 12/13/10 (a.m.) at 98-99. CMS paid the tax through September 2008. During that month, though, CMS discovered that Lakewood did not charge any occupation tax. CMS had instead been paying an amount that apparently corresponded to Lakewood's "utility" tax. RP 12/14/10 (a.m.) at 281-82. Liability for that utility tax depended on CMS having a business license in, and doing business in, Lakewood. CMS believed that it was not a business in, and did not do business in, Lakewood. It therefore stopped paying the tax and wrote to Lakewood

3

in November 2008 requesting a refund for taxes mistakenly paid between January 2004 and September 2008.

Lakewood did not respond to CMS's request. Instead, in May 2009, over six months after CMS's refund request, Lakewood sent CMS a "NOTICE AND ORDER/DEMAND FOR TAX PAYMENT." Def.'s Ex. 3. That notice and order asserted that CMS did business in Lakewood and therefore owed taxes from the time it had stopped paying in October 2008. It demanded payment of taxes "from October of 2008 to the present" and also ordered CMS to apply for and obtain a business license from Lakewood. *Id.*

In June 2009, CMS filed suit in Pierce County Superior Court alleging that Lakewood owed it a refund and had failed to respond to its refund claim. Lakewood sought summary judgment, claiming that CMS had failed to exhaust its administrative remedies. The trial court disagreed, eventually held a bench trial, and found that Lakewood owed CMS approximately $600,000.

CMS had initiated its suit on June 24, 2009. It asserted that Lakewood owed it a refund for taxes paid from January 2004 to September 2008. During the litigation, the trial court ruled that CMS's claim for a refund of taxes before June 24, 2006, was barred by the three year statute of limitations. Thus, even if CMS won at trial, its recovery would be limited to the period of June 24, 2006 to

October 1, 2008. In an attempt to recover taxes it had paid before June 2006, CMS

filed another, separate action in the Pierce County Superior Court seeking a writ of

mandamus to compel Lakewood to respond to CMS's November 2008 refund

request. The trial court consolidated that case with the first case CMS had filed

and granted the writ. The bench trial concluded with a judgment in favor of CMS.[1]

Lakewood appealed that judgment and the order granting CMS's petition for a writ

of mandamus. The Court of Appeals affirmed. *Cost Mgmt. Servs.*, 170 Wn. App.

260. Lakewood sought review in this court of two specific issues: first, whether

the Court of Appeals erred in concluding that exhaustion of administrative

remedies was not required; and second, whether the Court of Appeals erred in

affirming the order granting the petition for a writ of mandamus.

## ANALYSIS

### 1. WHETHER CMS WAS REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES

---

[1] CMS received a judgment of $424,803.36 for taxes paid from June 24, 2006 through October 1, 2008, as allowed by the statute of limitations, plus $176,149.39 in prejudgment interest, for a total judgment of $600,952.75. Clerk's Papers (CP) at 715. That judgment did not include any recovery related to CMS's pursuit of an administrative remedy based upon the trial court's issuance of mandamus ordering Lakewood to respond to CMS's refund request. In fact, the record before us does not indicate what occurred with respect to further administrative proceedings in Lakewood after the court issued a writ of mandamus. At oral argument, however, counsel for Lakewood suggested that that part of this case is presently before Lakewood's hearing examiner. Wash. State Supreme Court oral argument, *Cost Mgmt. Servs., Inc. v. City of Lakewood*, No. 87964-8 (May 16, 2013), at 9 min., 33 sec., *audio recording by* TVW, Washington State's Public Affairs Network, *available at* http://www.tvw.org.

### a. Standard of Review

We have never directly stated the standard of review in this court of a lower court's determination regarding exhaustion of administrative remedies. We have, however, stated that "[t]he exhaustion issue is a question of law for the trial court to decide." *Sintra, Inc. v. City of Seattle*, 119 Wn.2d 1, 19 n.10, 829 P.2d 765 (1992) (citing *Estate of Friedman v. Pierce County*, 112 Wn.2d 68, 76, 768 P.2d 462 (1989)). We review questions of law de novo. *Robb v. City of Seattle*, 176 Wn.2d 427, 433, 295 P.3d 212 (2013). Therefore, we review de novo whether exhaustion of administrative remedies was required in this case.

### b. Exhaustion Doctrine

This court has long applied "the general rule that when an adequate administrative remedy is provided, it must be exhausted before the courts will intervene." *Wright v. Woodard*, 83 Wn.2d 378, 381, 518 P.2d 718 (1974) (citing *State ex rel. Ass'n of Wash. Indus. v. Johnson*, 56 Wn.2d 407, 353 P.2d 881 (1960)). To determine if the rule applies, we examine whether the party seeking relief "has an administrative remedy" and whether any "attempt has been made to pursue that remedy." *Id.* at 382. If the party seeking relief has an administrative remedy, and did not pursue it before turning to the courts, then it is error for a trial court to entertain the action. *Id.*

The exhaustion rule "is founded upon the belief that the judiciary should give proper deference to that body possessing expertise in areas outside the conventional expertise of judges." *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997) (citing *S. Hollywood Hills Citizens Ass'n for Pres. of Neighborhood Safety & Env't v. King County*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984)). We have identified several policy bases for the rule:

> (1) insure against premature interruption of the administrative process; (2) allow the agency to develop the necessary factual background on which to base a decision; (3) allow exercise of agency expertise in its area; (4) provide for a more efficient process; and (5) protect the administrative agency's autonomy by allowing it to correct its own errors and insuring that individuals were not encouraged to ignore its procedures by resorting to the courts.

*Id.* (citing *McKart v. United States*, 395 U.S. 185, 193-94, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969)). The primary question in exhaustion cases, however, is whether the relief sought can be obtained through an available administrative remedy; if so, the party seeking relief must first seek relief through the administrative process. *See id.*

> c. *Should Exhaustion Apply Where CMS Requested a Tax Refund, and Lakewood's Only Action Thereafter Was a Demand for Payment of Different Taxes, Not a Response to the Refund Request?*

7

Lakewood asks us to review the Court of Appeals' conclusion "that superior courts and the local hearing examiners have 'concurrent jurisdiction' over municipal tax disputes on the theory that an equitable cause of action vitiates the requirement of exhaustion." Pet. for Review at 7. Lakewood is concerned that the "import of the Court of Appeals' decision is to provide a license for litigants to evade exhaustion requirements." Suppl. Br. of Pet'rs at 16. We disagree with Lakewood's interpretation of the Court of Appeals' holding; the Court of Appeals did not hold that an equitable cause of action vitiates the requirement of exhaustion. It held that Lakewood's inaction in response to CMS's refund request ended CMS's obligation to continue pursuing a remedy in that forum. *Cost Mgmt. Servs.*, 170 Wn. App. at 272. Thus, Lakewood's concern is misplaced.

> i.   The Court of Appeals Correctly Held That Lakewood's Notice and Order Was Not a Response to CMS's Refund Claim

The Court of Appeals first held that there had been no final administrative decision by Lakewood: "CMS persuasively argues that this Notice and Order did not constitute a denial of CMS's refund claim but was, instead, a demand for payment of taxes. . . . Lakewood cannot now characterize that Notice and Order to pay taxes as a final agency determination denying CMS's refund claim." *Id.* (citation omitted).

Based on this determination, the appellate court concluded that there was nothing left for CMS to do in the Lakewood forum:

> Lakewood contends that its hearing examiner system provides adequate administrative remedies to review its Notice and Order and, thus, CMS may not enjoy judicial review without exhausting these available administrative procedures. The [Lakewood Municipal Code] provides an administrative remedy only for review of a final order. CMS is not appealing from the May 13 Notice and Order demanding payment of current and future taxes but instead was seeking a tax refund for taxes already paid. Thus, CMS had no administrative mechanism to pursue a refund of taxes wrongly paid.

*Cost Mgmt. Servs.,* 170 Wn. App. at 273.

Finally, the appellate court stated, "Ultimately, CMS's claim was an action in equity for 'money had and received'; and, under both the Washington Constitution and state statute, the superior court properly maintained original jurisdiction to hear the equity claim." *Id.* at 274.

Reading those passages together, we are convinced that the Court of Appeals did not hold that "an equitable cause of action vitiates the requirement of exhaustion." Pet. for Review at 7. Instead, the Court of Appeals decision that CMS need not make any further attempts to exhaust resulted from its determination that "CMS had no administrative mechanism to pursue a refund of taxes wrongly paid" because Lakewood had never responded to CMS's refund request. *Cost Mgmt. Servs.,* 170 Wn. App. at 273.

In its supplemental briefing, Lakewood asserts "that [Lakewood's] hearing examiner system provides adequate administrative remedies to review its Notice and Order and, thus, CMS may not enjoy judicial review without exhausting these available administrative procedures." *Id.* Lakewood similarly asserted at oral argument that the Lakewood Municipal Code (LMC) provides a procedure by which a taxpayer whose refund claim is denied could start the process of appealing through the Lakewood system and that CMS was required to use that procedure.[2] *See* LMC 3.52.150-.160. Assuming that Lakewood is correct that its ordinance-created appeal process was available to CMS in this case, CMS began that process with its refund request. Lakewood, however, took no action on that request. As the Court of Appeals correctly determined, Lakewood's notice and order was not a response to CMS's refund request for the period of 2004 through September 2008, but rather a demand for payment of taxes relating to an entirely different time period—"October 2008 to the present." Def.'s Ex. 3. Lakewood simply failed to respond to CMS's initiation of the administrative process laid out in the LMC. Lakewood cannot place CMS in a catch-22 by refusing to respond to CMS's refund request, issuing its own demand for payment, and then claiming CMS

---

[2] Wash. State Supreme Court oral argument, *Cost Mgmt. Servs., Inc. v. City of Lakewood*, No. 87964-8 (May 16, 2013), at 2 min., 45 sec., *audio recording by* TVW, Washington State's Public Affairs Network, *available at* http://www.tvw.org.

cannot pursue a remedy for its refund request before addressing Lakewood's demand for payment. CMS did everything it was required to do to exhaust its administrative remedies. *Cf. Bowen v. Dep't of Soc. Sec.*, 14 Wn.2d 148, 154, 127 P.2d 682 (1942) (en banc) (holding that where an agency failed to respond to a request for a hearing, "so far as these proceedings are concerned, respondent exhausted his administrative remedies when he made demand upon the department for a fair hearing").

We therefore affirm the Court of Appeals' decision that the exhaustion doctrine did not bar CMS's suit in superior court. Exhaustion is required only if an administrative remedy can provide the relief sought. *Jones v. Dep't of Health*, 170 Wn.2d 338, 356, 242 P.3d 825 (2010). But an administrative appeal of Lakewood's demand for payment for the period "October 2008 to the present," Def.'s Ex. 3, would have had no bearing on CMS's refund request for taxes paid "between January 1, 2004 and September 30, 2008," Def.'s Ex. 1. Thus, the administrative process available to CMS could not have provided an adequate remedy for that refund request. The Court of Appeals correctly determined that Lakewood's failure to respond to the tax refund request, and not the fact that CMS brought a state law claim in equity, vitiated the exhaustion requirement.

ii.   The Court of Appeals' Discussion of Original Jurisdiction Is
      Potentially Confusing

The Court of Appeals correctly held that CMS's suit was not barred by the exhaustion requirement because Lakewood did not properly respond to CMS's refund claim. However, one of the Court of Appeals' statements may be misleading. After deciding that Lakewood had never actually responded to CMS's refund claim, and holding on that basis that CMS's suit was not barred, the Court of Appeals further concluded that Lakewood's hearing officer and the superior court had "concurrent original jurisdiction," and CMS could therefore "refer its claim to either the hearing examiner or superior court." *Cost Mgmt. Servs.*, 170 Wn. App. at 274 (citing *Chaney v. Fetterly*, 100 Wn. App. 140, 145-46, 995 P.2d 1284 (2000)).

Lakewood interprets that language to mean that no exhaustion was required because the trial court had concurrent original jurisdiction with Lakewood's hearing officer in equitable matters. As explained above, the Court of Appeals' decision was instead properly based on the lack of an adequate administrative remedy. Nevertheless, amicus Washington Association of Municipal Attorneys (WAMA), in its brief in support of Lakewood's petition for review, agrees with Lakewood's interpretation. Br. of Amicus WAMA at 9.

That interpretation of the Court of Appeals' holding would be an incorrect statement of the law. Therefore, we take this opportunity to clarify that even if original jurisdiction in a case lies with the superior court, exhaustion of administrative remedies is still required.

The parties believe that the confusion over the relationship between original jurisdiction and exhaustion stems from an earlier case from this court, *Qwest Corp. v. City of Bellevue*, 161 Wn.2d 353, 166 P.3d 667 (2007). In *Qwest*, this court did suggest that if a superior court has original jurisdiction, exhaustion is not required. We stated, "Qwest cites *Chaney v. Fetterly*, 100 Wn. App. 140, 145, 995 P.2d 1284 (2000) for the proposition that where a court has original jurisdiction over a dispute, the administrative exhaustion requirement does not apply." *Qwest*, 161 Wn.2d at 370-71.[3] Although the *Qwest* opinion mentions the proposition only in passing, *Chaney* explains its reasoning in detail:

---

[3] The Court of Appeals below did not cite *Qwest*, but it did cite *Chaney* for the proposition that the superior court and hearing officer had concurrent original jurisdiction over the tax refund claim. *Cost Mgmt. Servs.*, 170 Wn. App. at 274 (citing *Chaney*, 100 Wn. App. at 145-46). Since *Qwest* expressly relied on *Chaney*, and the Court of Appeals below cited *Chaney*, the parties understandably argue that the Court of Appeals' holding below is based on *Qwest*. However, as explained above, the Court of Appeals relied on the absence of a response from Lakewood to CMS's refund claim, rather than original jurisdiction, in determining exhaustion did not bar CMS's suit in this case. To the extent that the Court of Appeals' opinion implies that original jurisdiction vitiates the exhaustion requirement, as Lakewood and WAMA assert that it does, it is incorrect.

13

Whether the doctrine of exhaustion applies depends on the nature of the relationship between the administrative agency and the superior court. In situations where each has jurisdiction of some kind, the agency may have *original* jurisdiction, while the superior court has *appellate* jurisdiction; or . . . the agency and the superior court may have *concurrent original* jurisdiction.

*Chaney*, 100 Wn. App. at 145. According to *Chaney*, "The doctrine of exhaustion regulates the first relationship. It prevents a party from omitting to use, or starting to use but then abandoning before final conclusion, the *only* forum that has original jurisdiction." *Id.* at 146. *Chaney* concluded that, as a result, the exhaustion rule does not apply "when a superior court and a quasi-judicial administrative agency have concurrent original jurisdiction." *Id.* at 141. Thus, *Chaney* aligns the constitutional concepts of appellate and original jurisdiction with the exhaustion doctrine.

WAMA and Lakewood are correct that this cannot be an accurate (or at least complete) statement of the law. We have cautioned, in a different context, that "by intertwining procedural requirements with jurisdictional principles, . . . separate issues . . . have been blurred. As a result, unfortunately, procedural elements have sometimes been transformed into jurisdictional requirements." *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 315, 76 P.3d 1183 (2003). *Qwest* and *Chaney* represent analogs—in the context of exhaustion of administrative remedies—of the

sort of blurring of procedural elements and jurisdictional requirements that *Dougherty* warns of.

Superior courts in this state "have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." WASH. CONST. art. IV, § 6. Superior courts also have "such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law." *Id.* No one argues that in this case there is a law vesting exclusive jurisdiction of municipal tax refund claims somewhere other than the superior court. *Cf. State v. Posey*, 174 Wn.2d 131, 136, 272 P.3d 840 (2012) ("[B]y limiting the common law tort claims of injured workers and creating administrative procedures and enhanced remedies under the Industrial Insurance Act, the legislature effectively modified the role of the superior courts over such claims." (citation omitted)). And amicus WAMA properly points out that Superior Courts in this state have original jurisdiction over all kinds of matters where jurisdiction has not been exclusively vested elsewhere—"cases in equity, real property, the legality of any tax, inter alia." Br. of Amicus WAMA at 9.

Exhaustion, on the other hand, is a doctrine of judicial administration; courts applying exhaustion consider whether an adequate administrative remedy exists

that the claimant should try first because of the courts' "belief that the judiciary should give proper deference to that body possessing expertise in areas outside the conventional expertise of judges." *Citizens for Mount Vernon*, 133 Wn.2d at 866 (citing *S. Hollywood Hills Citizens Ass'n*, 101 Wn.2d at 73).

The exhaustion doctrine has no bearing on the jurisdiction of the court in terms of the constitutional power of the court to hear a case.[4] Thus, to the extent that the Court of Appeals' opinion suggests that a superior court's original jurisdiction over a claim vitiates the exhaustion requirement, we disagree. A superior court's original jurisdiction over a claim does not relieve it of its responsibility to consider whether exhaustion should apply to the particular claim before the court.

2. Whether the Trial Court Erred When It Granted CMS's Petition for a Writ of Mandamus

*a. Standard of Review*

Writs of mandamus are subject to two separate standards of review, depending on the question reviewed. First, a writ of mandamus "may be issued by

---

[4] In addition to its argument that it had no administrative remedy to pursue, CMS argues that exhaustion is not required for recovery of wrongfully paid taxes because the superior court has original jurisdiction over the "legality of any tax." WASH. CONST. art. IV, § 6. CMS asserts that under *Qwest*, no exhaustion is required if the court has original jurisdiction, and thus it cannot be required to exhaust its remedies. For the reasons discussed, CMS's argument is incorrect.

16

any court . . . to compel the performance of an act which the law especially enjoins as a duty . . . ." RCW 7.16.160. Moreover, "[t]he determination of whether a statute specifies a duty that the person must perform is a question of law." *River Park Square, LLC v. Miggins*, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001). Thus, since we review questions of law de novo, we review de novo the question whether a statute specifies a duty such that mandamus may issue. But "[w]hether there is a plain, speedy, and adequate remedy in the ordinary course of the law is a question left to the discretion of the court in which the proceeding is instituted." *Id.* (citing *State ex rel. Hodde v. Superior Court*, 40 Wn.2d 502, 517, 244 P.2d 668 (1972)). We reverse discretionary decisions of the trial court only if "the superior court's discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (citing *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). Therefore, to sum up, if the question raised is whether a statute prescribes a duty that will support issuance of a writ of mandamus, our review is de novo. But if the question raised is whether there existed an adequate remedy at law that precludes issuance of mandamus, we review the trial court's decision for abuse of discretion.[5]

---

[5] Arguably, the second standard does not always apply. For example, whether an adequate remedy exists will often turn on regulatory or statutory interpretation. In such instances, the question is one of law that we review de novo.

17

### b. The Trial Court Erred in Issuing a Writ of Mandamus Compelling Lakewood To Hear CMS's Refund Claim

CMS sought and obtained a writ of mandamus from the trial court compelling Lakewood to respond to its refund claim. Lakewood asserts the court erred by issuing the writ.

First, Lakewood argues the application for the writ was untimely. The general rule is that mandamus "should be sought within the same period as that allowed for an appeal." *State ex rel. Von Herberg v. Superior Court*, 6 Wn.2d 615, 618, 108 P.2d 826 (1940) (citing *State ex rel. Hawksworth v. Clifford*, 130 Wash. 103, 226 P. 272 (1924)). Lakewood argues that the writ application was untimely because it was filed after the period for appealing its notice and order had expired. But since the notice and order had nothing to do with the refund claim it cannot affect the timeliness of a writ application related to that refund claim. Therefore, Lakewood's first argument fails.

Second, Lakewood argues that a writ of mandamus was improper because its notice and order constituted a final agency action in response to CMS's refund claim, so Lakewood had already complied with its duty to respond to CMS's claim. As described above, however, the Court of Appeals correctly held that

18

Lakewood never responded to CMS's claim; therefore, Lakewood's second argument fails.

Third, Lakewood argues in its petition for review that CMS cannot get a writ of mandamus because it was maintaining a suit at the same time, seeking the same thing (a tax refund). Lakewood argues that CMS could get a double return by pursuing its administrative remedies while also getting relief in superior court. CMS responds that the reason it applied for a writ of mandamus was because the three year statute of limitations on its claim in state court prevented recovery of taxes paid before June 24, 2006 (because it filed suit on June 24, 2009). CMS asserts it has no avenue to reach the money it paid before June 2006 except Lakewood's administrative process. And under CMS's theory of the case, it was denied access to that administrative process because Lakewood never responded to its refund request. Thus, CMS asserts, mandamus was proper to force Lakewood to respond to its refund request as the only means by which CMS could recover taxes paid before June 2006.

Neither party has produced authority on this particular issue, but we disagree with CMS's argument, although for different reasons than those suggested by Lakewood. The problem is not that CMS might get a double recovery. Rather, the problem is that CMS might get any recovery for the stale, time-barred, portion of

its claim. CMS chose to answer Lakewood's failure to respond to its refund claim by filing suit in superior court. CMS could also have chosen (although it was not required to do so) to seek mandamus from the superior court to force Lakewood to respond. Instead, CMS first filed suit, and then sought mandamus only after the trial court informed it that its recovery in superior court was constrained by the three year statute of limitations. In essence, CMS seeks to use the administrative process to revive a claim otherwise barred by the three year statute of limitations.

The statute of limitations is "a legislative declaration of public policy which the courts can do no less than respect." *J.M. Arthur & Co. v. Burke*, 83 Wash. 690, 693, 145 P. 974 (1915) (citing *Thomas v. Price*, 33 Wash. 459, 74 P. 563 (1903)). Courts "will not, as a general rule, read into statutes of limitation an exception which has not been embodied therein . . . ." *Rushlight v. McLain*, 28 Wn.2d 189, 199-200, 182 P.2d 62 (1947) (quoting 34 AM. JUR. *Limitation of Actions* § 186, at 150 (1941)).

We do not believe that the administrative process can be used to provide a way around the statute of limitations in this case. A federal district court case provides an illustrative example. *Ladzinski v. MEBA Pension Trust*, 951 F. Supp. 570 (D. Md.), *aff'd*, No. 97-1237, 1997 WL 452237 (4th Cir. Aug. 11, 1997) (unpublished). Ladzinski applied for his federally regulated pension benefits in

1972. *Id.* at 573. The responsible administrative board calculated his pension and advised Ladzinski of his right to appeal if he disagreed with the calculation. *Id.* Ladzinski filed an appeal of that decision in 1993. *Id.* Despite that appeal coming over 20 years after the initial decision, the board heard it and denied it. *Id.* Ladzinski then appealed that denial to the United States District Court in 1996. *Id.* Ladzinski argued that the board's recent determination of his administrative appeal made his appeal to the district court timely. *Id.* at 574 n.1. The district court disagreed. It explained that the administrative process cannot overcome the statute of limitations, and "the purpose of the statute of limitations would be defeated if Ladzinski were able to preserve his . . . action indefinitely." *Id.*

Here, CMS seeks mandamus for the express purpose of reaching back beyond the legal statute of limitations. We do not think the statute of limitations can be overcome by such a use of the administrative process. Under the circumstances of this case, we hold that CMS cannot choose first to pursue recovery through the courts, and then attempt to bypass the statute of limitations that necessarily applies as a result of that choice by seeking relief through the administrative process. We therefore reverse the Court of Appeals on this issue and hold that the trial court erred in granting CMS's petition for a writ of mandamus.

CONCLUSION

The Court of Appeals correctly held that CMS was not required to exhaust administrative remedies in this case because none were available: without a response by Lakewood to CMS's refund claim, there was no other administrative step for CMS to take. We clarify, however, that the exhaustion requirement is not vitiated by the fact that the superior court has original jurisdiction over a claim. Instead, in this case, it was vitiated by Lakewood's inaction. Finally, we hold that the trial court erred in granting CMS's petition for a writ of mandamus under the circumstances of this case. Therefore, the Court of Appeals is affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Gordon McCloud, J.

WE CONCUR:

Madsen, C.J.

Johnson

Owens, J.

Fairhurst, J.

J. M. Johnson

Stephens

Wiggins, J.

González, J.

23