IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | | |
|---|---|---|
| RONALD J. KRAUS, | | No.  56474-2-II |
| Appellant, | | |
| v. | | |
| WASHINGTON STATE PATROL, | | UNPUBLISHED OPINION |
| Respondent. | | |

WORSWICK, P.J. — Ronald J. Kraus sued the Washington State Patrol (WSP) under RCW

43.43.730[1] to correct an error in his criminal history.  He now appeals an order that dismissed his

lawsuit.  The trial court ruled that Kraus had failed to invoke the subject matter jurisdiction of the

court because he did not exhaust his administrative remedies, that the equal access to justice act

(EAJA)[2] did not apply, and that Kraus was not entitled to attorney fees.[3]

We hold that (1) Kraus complied with the administrative procedure in RCW 43.43.730,

(2) the EAJA does not apply to de novo review under RCW 43.43.730, and (3) even if the EAJA

does apply, the WSP's actions were substantially justified.  Accordingly, we affirm.

---

[1] RCW 43.43.730 establishes the process for individuals seeking to correct their criminal history
maintained by the WSP.

[2] The EAJA is codified at RCW 4.84.340, .350, and .360.

[3] The trial court also ruled that Kraus was not a qualified party under the EAJA, but on appeal
the WSP does not contest that Kraus is a qualified party.

FACTS

In January 2001, the police arrested Kraus for fourth degree assault. In 2003, the WSP received information from the Kitsap County District Court that provided that the district court had dismissed Kraus's assault charge with prejudice and fined him $200. Based on that information, the WSP listed the status of his assault charge as guilty in its records.

In November 2020, Kraus's counsel emailed the WSP asking, "DOA 1/21/2001–does WSP have anything from the court that has the word 'guilty' on it? Or is this being misreported as a conviction when it was not one?" Clerk's Papers (CP) at 77. The WSP responded that since Kraus was subject to a $200 fine, and that a fine is an adverse consequence, his disposition status for the arrest is considered "guilty with an update of dismissed." CP at 77. Further, the WSP stated that it relies on the information provided to it from the courts, and if Kraus could provide the WSP with additional information, such as a court docket, the WSP would update its records. Kraus then asked if the WSP was going to change its policy or "force [him] to sue over this nonsense."

The WSP reiterated that it relied on the disposition information it received from the courts. To which Kraus responded, "I am just floored by your complete inability and unwillingness to grasp a very simple concept—you can't put 'guilty' as the disposition if you did not receive anything from the court that says the person is guilty." CP at 79.

In April 2021, under RCW 43.43.730, Kraus filed a complaint for de novo review seeking to appeal the WSP's decision to list the status of his assault charge as "guilty," and seeking injunctive relief as well as attorney fees. CP at 1-4. Shortly thereafter, the attorney general requested documentation regarding Kraus's assault charge from the Kitsap County

Prosecutor's Office. The prosecutor's office then sent a correction notice to the WSP to update Kraus's assault status from "Guilty to Dismissed." CP at 36.

In August 2021, Kraus filed a motion in superior court for attorney fees and costs under the EAJA. The WSP responded that the court should dismiss the case because (1) Kraus failed to exhaust his administrative remedies, (2) the EAJA does not apply to de novo review under RCW 43.43.730, and (3) even if the EAJA does apply, Kraus is not a prevailing party, and the WSP's actions were substantially justified. The trial court entered an order dismissing Kraus's complaint and denying his motion for attorney fees on all three grounds.

Kraus appeals.

ANALYSIS

First, Kraus argues that he complied with the administrative process in RCW 43.43.730. Second, Kraus argues that the EAJA applies to de novo hearings under RCW 43.43.730. Third, Kraus argues that he is entitled to review under the EAJA because he is a qualified party who prevailed, and the WSP's actions were not substantially justified.[4]

We hold that Kraus complied with the remedy process in RCW 43.43.730. We further hold that the EAJA does not apply to RCW 43.43.730. And even if the EAJA applies to RCW 43.43.730, we hold that the WSP's actions were substantially justified.

I. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Kraus argues that the trial court had proper subject matter jurisdiction because he complied with the administrative procedure under RCW 43.43.730 by submitting a request for

---

[4] The WSP concedes that Kraus is a qualified party.

modification to the WSP. We hold that Kraus complied with RCW 43.43.730 prior to filing his complaint.

We review de novo a lower court's determination of whether the administrative remedies have been exhausted. *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 641, 310 P.3d 804 (2013). "[This] court will not intervene and administrative remedies need to be exhausted when the 'relief sought . . . can be obtained by resort to an exclusive or adequate administrative remedy.'" *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997) (quoting *Hollywood Hills Citizens Ass'n v. King County*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984)). "'Exhaustion is required when: (1) a claim is cognizable in the first instance by an agency alone; (2) the agency has clearly established mechanisms for the resolution of complaints by aggrieved parties; and (3) the administrative remedies can provide the relief sought.'" *Buechler v. Wenatchee Valley Coll.*, 174 Wn. App. 141, 153, 298 P.3d 110 (2013) (quoting *Milligan v. Thompson*, 90 Wn. App. 586, 596, 953 P.2d 112 (1998)).

The appeal of the WSP's denial of a request to modify its records is governed by RCW 43.43.730(1). That statute provides:

> Any individual shall have the right to inspect or request a copy of the criminal history record information on file with the section which refers to the individual. If the individual believes such information to be inaccurate or incomplete, he or she may request the section to purge, modify or supplement it and to advise such persons or agencies who have received his or her record and whom the individual designates to modify it accordingly. Should the section decline to so act, or should the individual believe the section's decision to be otherwise unsatisfactory, the individual may appeal such decision to the superior court . . . . The court shall in such case conduct a de novo hearing, and may order such relief as it finds to be just and equitable.

Kraus exhausted the administrative remedies required by RCW 43.43.730(1). Kraus's counsel email to the WSP stated, "DOA 1/21/2001–does WSP have anything from the court that

4

has the word 'guilty' on it? Or is this being misreported as a conviction when it was not one?" CP at 77. Kraus's initial email did not explicitly request a modification of his record. But his language "is this being misreported as a conviction" signaled that he disagreed with the status of his record. And in any case, the WSP understood his email as a request for a change in his record because the WSP said it would update its records if Kraus provided additional information, such as a court docket. CP at 77. But RCW 43.43.730 does not require Kraus to send the WSP additional information to support his modification request. Because RCW 43.43.730(1) requires only that the aggrieved person request to modify his or her record, and Kraus requested modification, we hold that he complied with the statute and exhausted his administrative remedies.

## II. THE EAJA

The EAJA provides that

[e]xcept as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust. A qualified party shall be considered to have prevailed if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought.

RCW 4.84.350(1).

We apply "a two-part review to awards or denials of attorney fees." *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). To determine whether there is a legal basis for the awarding attorney fees by statute, we engage in de novo review. *Gander*, 167 Wn. App. at 647. And so, we review de novo whether the EAJA applies to RCW 43.43.730. But when analyzing a discretionary decision to award or deny attorney fees and the reasonableness of that

5

award, we review for an abuse of discretion. *Gander*, 167 Wn. App. at 647. If the trial court makes a manifestly unreasonable decision based on untenable grounds or reasons, that court abuses its discretion. *Raven v. Dep't of Soc. & Health Servs.*, 177 Wn.2d 804, 832, 306 P.3d 920 (2013).

A.      *Application to RCW 43.43.730*

Kraus argues that the EAJA applies to de novo review under RCW 43.43.730. We disagree.

The EAJA applies to "judicial review of an agency action." RCW 4.84.350(1). "'Judicial review' means a judicial review as defined by chapter 34.05 RCW." RCW 4.84.340(4). Chapter 34.05 RCW is the Administrative Procedures Act (APA).

Although the APA does not define judicial review, it does state that it "establishes the exclusive means of judicial review of agency action, except: . . . [t]o the extent that de novo review or jury trial review of agency action is expressly authorized by provision of law." RCW 34.05.510(3). To that end, RCW 43.43.730 establishes de novo review. But the APA provisions of "RCW 34.05.410 through 34.05.598 shall not apply: . . . [t]o the extent they are inconsistent with any provisions of chapter 43.43 RCW." RCW 34.05.030(2)(g).

Notably, the Supreme Court held "that the attorney fees authorized by the EAJA do not apply to judicial review of agency decisions not *authorized* by the APA." *Cobra Roofing Servs., Inc. v. Dep't of Labor & Indus.*, 157 Wn.2d 90, 101, 135 P.3d 913 (2006) (emphasis added). In *Cobra Roofing Services*, a roofing company sought attorney fees for its appeal of a determination by the Board of Industrial Insurance Appeals. 157 Wn.2d at 94-95. The court held that the EAJA did not apply to the appeal of the board's order because it was not authorized by the APA,

noting that it was excluded from the judicial review portions of the APA. *Cobra Roofing Servs.*, 157 Wn.2d at 101. To that end, the APA categorically does not apply to certain matters before the Board of Industrial Insurance Appeals. RCW 34.05.030(2).

To determine whether the EAJA applies to RCW 43.43.730, we must determine whether the APA authorizes the judicial review that occurred in this case. *Cobra Roofing Servs.*, 157 Wn.2d at 101; RCW 34.05.030(2)(g). To that end, we must determine what the Supreme Court meant by "authorized by the APA."

In its reasoning, the court in *Cobra Roofing Services* relied on the EAJA's legislative history. 157 Wn.2d at 101. When an amendment was proposed to the definition of judicial review under the EAJA from "judicial review as defined by chapter 34.05 RCW" to "review of an agency action in the superior court and courts of appeal," the governor vetoed the amendment because it "would expand the program to judicial review of all agency actions, not just APA issues, and would extend beyond the evils the legislature intended to eliminate with the EAJA." *Cobra Roofing Servs.*, 157 Wn.2d at 101. Accordingly, we interpret "authorized by the APA" narrowly. When judicial review is not established by the APA, the APA does not authorize it.

Because RCW 43.43.730 creates the right to de novo review, the APA does not "establish" that form of judicial review of an agency action. *See* RCW 34.05.510(3). Because the APA does not establish the de novo review authorized under RCW 43.43.730, that review is not "authorized" by the APA. Accordingly, the EAJA does not apply to de novo review under RCW 43.43.730.

B.      *Substantially Justified*

Kraus argues that the WSP's policy of determining a guilty status was not substantially justified because it had no reasonable basis in law or fact. Even assuming that the EAJA applies, the WSP's actions were substantially justified.

We review a determination of whether the agency action was substantially justified for an abuse of discretion. *Raven*, 177 Wn.2d at 832. If "the agency action was substantially justified or [] circumstances make an award unjust," a party is not entitled to fees under the EAJA. RCW 4.84.350(1). Agency action need not be correct to be substantially justified, but it must have had a reasonable basis in law and in fact. *Arishi v. Washington State Univ.*, 196 Wn. App. 878, 910, 385 P.3d 251 (2016).

As such, the relevant factors are "the strength of the factual and legal basis for the action, not the manner of the investigation and the underlying legal decisions." *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 892, 154 P.3d 891 (2007). And the burden is on the State to show that fees should be denied. *Union Elevator & Warehouse Co., Inc. v. State ex rel. Dep't of Transp.*, 144 Wn. App. 593, 608, 183 P.3d 1097 (2008).

Here, the WSP based its decision to list Kraus as guilty on information it received from the district court that stated that Kraus's assault charge was dismissed with prejudice and a $200 fine was imposed. The question is then whether it was reasonable to interpret a fine as adverse consequence that warranted a guilty status even in light of notice that the underlying charge was dismissed with prejudice.

The WSP argues that in criminal proceedings a fine is punitive—to be imposed following a finding of guilt. To support its argument, the WSP cites RCW 9.94A.550, which authorizes a

court to impose fines for felony offenses within a certain range. The WSP then distinguishes fines from costs, which may be imposed for a deferred prosecution program, pretrial supervision, among other things—citing RCW 10.01.160.

Next, the WSP argues that a dismissal is not dispositive regarding the defendant's innocence because, after a conviction, a court may defer the defendant's sentence and then dismiss the underlying charges under RCW 3.66.067. The WSP points out that a dismissal entered after a deferral is still an adverse disposition under RCW 10.97.030(2).

RCW 10.97.030(2) states,

> "Conviction or other disposition adverse to the subject" means any disposition of charges other than: (a) A decision not to prosecute; (b) a dismissal; or (c) acquittal; with the following exceptions, which shall be considered dispositions adverse to the subject: An acquittal due to a finding of not guilty by reason of insanity and a dismissal by reason of incompetency, pursuant to chapter 10.77 RCW; and a dismissal entered after a period of probation, suspension, or deferral of sentence.

That statute defines what constitutes a conviction or other adverse disposition. Although dismissals are generally not considered adverse dispositions under that statute, dismissals entered after a period of probation, suspension, or deferral of sentence still constitute an adverse disposition. RCW 10.97.030(2). Accordingly, a dismissal is not dispositive on the issue of guilt.

Because a fine is a punitive consequence and a dismissal is not dispositive on the issue of guilt, there are tenable legal reasons for determining that Kraus was guilty. The WSP has met its burden. Although the dismissal and the fine create ambiguity about Kraus's criminal status, the WSP's interpretation of the information provided was reasonable.

Of note, the WSP stated that it relied upon information submitted to it by the court but would have been happy to update its record if Kraus could have provided additional information. Instead of providing this information, Kraus asked if the WSP was going to change its policy or

No. 56474-2-II

"force [him] to sue over this nonsense." CP at 78. Upon receiving the correct information, the WSP updated its records.

Accordingly, we hold that the trial court did not abuse its discretion in determining that the WSP's actions were substantially justified.

CONCLUSION

We hold that (1) Kraus complied with the administrative procedure in RCW 43.43.730, (2) the EAJA does not apply to de novo review under RCW 43.43.730, and (3) even if the EAJA does apply, the WSP's actions were substantially justified. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Maxa, J.

_____
Veljacic, J.

10