IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RONALD BUZZARD, JR., | No. 86750-4-I |
| Appellant, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| INDETERMINATE SENTENCE REVIEW BOARD, | |
| Respondent. | |

COBURN, J. — Ronald Buzzard Jr. appeals the dismissal of his petition for a writ of mandamus to the Indeterminate Sentencing Review Board (Board) requesting that the superior court order reinstate his date of scheduled release. Because Buzzard fails to show that the Board has a mandatory duty to act, he fails to meet his burden to support the issuing of a writ of mandamus. Accordingly, we affirm.

FACTS

In 2002, Ronald Buzzard pleaded guilty to rape of a child in the first degree. He was granted a sentence under Washington's Sex Offender Sentencing Alternative (SSOSA), but that was revoked in April 2003, leaving him to serve a minimum term of 123 months with the maximum term of life. In 2016, the Board ordered his release to community custody. About four years later, the Board revoked his release. In 2021, the Board extended his term by 24 months following a releasability hearing under RCW

9.94A.420.[1][2]

In August 2023, the Board found Buzzard conditionally releasable subject to approval of an offender release plan. Buzzard was later scheduled for a November 13, 2023 release date. Prior to Buzzard's release, King County Prosecuting Attorney's Office notified the Board that they would be initiating a self-referral for a Forensic Psychological Evaluation (FPE) to determine if Buzzard qualifies as a sexually violent predator pursuant to RCW 71.09. The Board then suspended Buzzard's release and scheduled a new releasability hearing for February 2024 to consider the FPE results.

In November 2023, Buzzard petitioned for a writ of mandamus against the Board requesting Snohomish County Superior Court to reinstate his November 13, 2023 release date.[3] The Board moved to dismiss the petition arguing that Buzzard failed to demonstrate that the Board had a mandatory legal duty to grant his release, and that Buzzard failed to use the correct adequate alternative action of a personal restraint petition (PRP). The court agreed and dismissed Buzzard's petition.

Buzzard appeals.

DISCUSSION

Buzzard contends that the superior court erred when it dismissed his writ of mandamus. Specifically, he argues that his mandamus should have been granted because the statutory term "shall" in RCW 9.95.420(3)(a) required the Board to release

---

[1] This Court recently affirmed the dismissal of a similar mandamus action brought by Buzzard following the ISRB's extension of his term by 24 months. Buzzard v. Indeterminate Sentence Rev. Bd., No. 38930-8-III, slip op. at 7 (Wash. Ct. App. Feb. 13, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/389308_unp.pdf.

[2] Former RCW 9.94A.420 was recodified as RCW 9.94A.599 pursuant to 2001 c 10 § 6.

[3] Buzzard refiled his petition in January 2024 after the first petition was dismissed without prejudice for insufficient service of process.

him.[4] We disagree.

An applicant for a writ of mandamus must establish three elements for a writ to issue: "(1) the party subject to the writ is under a clear duty to act; (2) the applicant has no 'plain, speedy and adequate remedy in the ordinary course of law'; and (3) the applicant is 'beneficially interested.'" Eugster v. City of Spokane, 118 Wn. App. 383, 402, 76 P.3d 741 (2003) (citations omitted) (quoting RCW 7.16.170). The burden of establishing these elements is on the petitioner. Colvin v. Inslee, 195 Wn.2d 879, 894, 467 P.3d 953 (2020).

Writs of mandamus are subject to two different standards of review. Cost Mgmt. Servs., Inc. v. City of Lakewood, 178 Wn.2d 635, 648, 310 P.3d 804 (2013). Which standard of review applies depends upon the issue examined on appeal. Id. at 649. If the alleged error deals with the trial court's determination that the statute specifies a duty that the person must perform, the issue is a question of law. River Park Square, LLC v. Miggins, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001). Questions of law are reviewed de novo. Id.

But a trial court's determination that there exists a plain, speedy, and adequate remedy at law is reviewed for an abuse of discretion. Cost Management, 178 Wn.2d at 649. A court abuses its discretion if its decision is manifestly unreasonable or rests on untenable grounds or untenable reasons. State v. Rohrich, 149 Wn.2d 647, 654, 71

---

[4] Buzzard also raises additional arguments that (1) the King County Prosecutor violated RCW 71.09.025(1)(a), Buzzard's right to due process by filing the untimely request of an FPE referral, the Board's actions which violated his constitutional rights to due process; and (2) that Buzzard's due process rights under the federal and state constitutions were violated because he was not brought before a judge for a probable cause determination upon the filing of an SVP petition. The only order subject to this appeal is the March 7, 2024 decision of the superior court dismissing the mandamus petition. None of these arguments explain how the Board had a clear duty to act. Accordingly, we decline to address these issues.

P.3d 638 (2003). A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported by the record or was reached by applying the wrong legal standard. Id. A decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, reaches an outcome that is outside the range of acceptable choices, such that no reasonable person could arrive at that outcome. Id.

A statutory writ is an extraordinary remedy. Walker v. Munro, 124 Wn.2d 402, 407, 879 P.2d 920 (1994). The superior court may issue a writ of mandamus "to compel the performance of an act which the law especially enjoins as a duty resulting from an office." RCW 7.16.160.

"A writ of mandamus can only command what the law itself commands." Colvin, 195 Wn.2d at 893. Where there is no legal requirement for a government official to take a specific action, a writ cannot require it. Id. As a result, "'mandamus may not be used to compel the performance of acts or duties which involve discretion on the part of a public official.'" SEIU Healthcare 775NW v. Gregoire, 168 Wn.2d 593, 599, 229 P.3d 774 (2010) (quoting Walker, 124 Wn.2d at 410)).

Buzzard misconstrues the legislature's use of the term "shall" in RCW 9.95.420(3)(a) as mandating the Board to release Buzzard regardless of a pending FPE. The statute that governs the end of sentence review for sex offenders states,

> (3)(a) Except as provided in (b) of this subsection, no later than ninety days before expiration of the minimum term, but after the board receives the results from the end of sentence review process and the recommendations for additional or modified conditions of community custody from the department, the board shall conduct a hearing to determine whether it is more likely than not that the offender will engage in sex offenses if released on conditions to be set by the board. The board may consider an offender's failure to participate in an evaluation under

4

subsection (1) of this section in determining whether to release the offender. <u>The board shall order the offender released, under such affirmative and other conditions as the board determines appropriate,</u> unless the board determines by a preponderance of the evidence that, despite such conditions, it is more likely than not that the offender will commit sex offenses if released. If the board does not order the offender released, the board shall establish a new minimum term as provided in RCW 9.95.011.

RCW 9.95.420(3)(a) (emphasis added). Under the plain language of the statute, the board has the discretion to consider "other conditions as the board determines appropriate." The Board was aware, prior to Buzzard's scheduled release date, that the King County Prosecutor's Office requested a referral for an FPE to determine if Buzzard qualifies as a sexually violent predator pursuant to RCW 71.09. Nothing in the statute prohibits the Board from determining that it is appropriate to consider the FPE referral and its results prior to Buzzard's release. Moreover, the statue gives the Board great discretion in determining what conditions are appropriate to support release. It follows that mandamus may not be used to compel the performance of acts or duties which involve discretion on the part of the Board. <u>See</u> <u>SEIU Healthcare 775NW</u>, 168 Wn.2d at 599. "[T]he authority to decide when a sex offender is released is vested with the [Board]." <u>Pers. Restraint of Forcha-Williams</u>, 200 Wn.2d 581, 593, 520 P.3d 939 (2022). The Board also cites <u>Buzzard</u>, No. 38930-8-III, slip op. at 5 (while recognizing that the Board had authority to determine whether Buzzard was releasable, concluding that there is nothing in RCW 9.95.420 indicating that the Board had a duty to release Buzzard).[5]

---

[5] Unpublished opinions of the Court of Appeals have no precedential value and are not binding on any court, but if filed after March 1, 2013, may be cited as nonbinding authorities and may be accorded such persuasive value as the court deems appropriate. GR 14.1.

Buzzard relies on this court's ruling in Dress v. Dep't of Corr., 168 Wn. App. 319, 279 P.3d 875 (2012), in support of his argument. However, his reliance on Dress is misplaced.

In Dress, the superior court sentenced Dress to multiple terms, with the longest being 84 months, to be served concurrently. Id. at 323. The DOC believed that Dress' sentences should be served consecutively prior to a previous superior court sentence from another Washington county. Id. DOC submitted a request to the sentencing court to amend its judgment and sentence to reflect consecutively served terms, but there was no response. Id. Additionally, DOC failed to file a petition to seek appellate review pursuant to RCW 9.94A.585(7) regarding their claim that the judgment and sentence were erroneous within the 90-day window provided by the statute. Id. Over four years later, Dress was informed by the DOC that she would not be released according to the superior court's judgment and sentence timeline, because her sentences were to be run consecutively. Id. at 324. On appeal, this court held that the judgment and sentence were unambiguous as provided by the superior court, and that DOC had no authority to impose a different sentence. Id. at 329. The Dress court granted her writ of mandamus compelling DOC to follow the superior court's original judgment. Dress is inapposite.

The Board also relies on this court's holding in Pers. Restraint of Betts, No. 85906-4-I, slip op. at 4 (Wash. Ct. App. Jan. 16, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/859064.pdf. In Betts, we observed that determination of parolability for sex offenders is governed by RCW 9.95.420 and chapter 381-90 WAC, and that "[n]either RCW 9.95.420 nor chapter 381-90 WAC states that a decision of the [Board] cannot be modified once entered." Id.

Buzzard has not established that the Board is under a clear duty to act, as he asserts, to release him as was initially scheduled on November 13, 2023. Because he fails to fulfill the first element necessary for a court to issue a writ of mandamus and all three elements are required, we need not reach the remaining elements. See Est. of McCartney by & through McCartney v. Pierce County, 22 Wn. App. 2d 665, 699, 513 P.3d 119 (2022).

We affirm.

Coburn, J.

WE CONCUR:

Díaz, J.

Birk, J.